This is an appeal from a judgment for defendants/appellees in an action for work and labor done instigated by plaintiff/appellant.
In November 1974 plaintiff/appellant, Milton Jones, Jr., entered into an agreement with defendants/appellees, Dr. Walker B. LeFlore and Janet LeFlore wherein Jones was to perform architectural services for the LeFlores. In September 1975 the LeFlores terminated Jones due to a dispute over the value and amount of the services performed.
On August 31, 1977, Jones filed his complaint, and an ore tenus hearing was held by Judge James D. Sullivan on October 28, 1981. At the hearing it was established that there was an agreement between the parties; however, evidence as to what services were actually performed, and the value of those services was heavily disputed. Jones, himself, testified that the value of his services ranged between zero and $12,000.
On October 29, 1981, the court entered judgment in favor of the LeFlores. Jones timely filed a motion for new trial and in the alternative, a motion to alter, amend, or vacate judgment on the basis that it was contrary to the law and evidence. This motion was denied. Plaintiff appeals.
The plaintiff contends there was uncontradicted evidence that he performed valuable services for defendants at their request which they accepted and received benefits from. Defendants contend that there was evidence presented from which the trial court could and did find that any work and labor performed by plaintiff was so insufficient, poorly and improperly performed as to be of no value to defendants.
In an action for work and labor, the measure of recovery is the reasonable value of such work and labor performed. Campbellv. Tennessee Valley Authority, 421 F.2d 293 (5th Cir. 1969). If such work and labor has no reasonable value for the purpose for which it was requested, there may be no recovery. Our examination of the testimony discloses a conflict as to quantity, quality and value of such work. It is the duty of the court hearing the testimony ore tenus to resolve the conflict and render a judgment accordingly. Having reached and entered such judgment, it is supported by a presumption of correctness upon appeal. Such presumption may be overcome only by a showing of absence of support in the evidence or that it is unjust. The presumption of correctness is strengthened by denial of a motion for new *Page 1289 
trial. Gann Lewis Roofing Co. v. Sokol, 359 So.2d 815
(Ala.Civ.App. 1978); Baswell v. Wilks, 57 Ala. App. 98,326 So.2d 292 (1976).
Plaintiff contends that the issue of proper performance may be raised only by an affirmative defense. Without deciding the correctness of that contention in actions for work and labor, we respond that the contention will not lie in this case. There not having been any objection made by plaintiff to testimony as to his lack of and improper performance, Rule 15 (b), A.R.Civ.P. applies. The issue therefore was before the court by implied consent without the necessity of pleading. Hawk v.Bavarian Motor Works, 342 So.2d 355 (Ala. 1977).
The argument that an admission by one of the defendants during testimony that she was willing at one time to have paid plaintiff as much as $250 for what he had done should require the court to return a judgment at least in that amount is not compelling. Such testimony, though for the consideration of the court, was not controlling when viewed with all the other evidence.
Finding no ground for reversal, the judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.