560 So.2d 768 (1990)
Albert TAYLOR, Jr.
v.
Virginia TAYLOR.
Civ. 7215.
Court of Civil Appeals of Alabama.
February 7, 1990.
*769 Maurice S. Bell and David G. Flack, Montgomery, for appellant.
J. Floyd Minor of Minor, Manasco & Wise, Montgomery, for appellee.
RUSSELL, Judge.
This is a divorce case.
On February 8, 1989, the wife filed a complaint for divorce in the Circuit Court of Montgomery County. She simultaneously filed a motion seeking the issuance of a restraining order against the husband as a result of his history of physical abuse. Subsequent to a hearing and report of reference by the deputy register, the husband violated the prior restraining order by committing an assault and battery upon the wife. In response, the wife filed an amendment to her earlier complaint, seeking damages from the husband as a result of this abuse. At no time did the husband file a request for a jury trial with respect to the claim for damages, nor did he file a motion to sever the divorce and civil action.
On May 25, 1989, following an ore tenus hearing, the trial court divorced the parties. Pursuant to the trial court's order, the wife was awarded custody of the parties' minor children; monthly child support in the amount of $260; rehabilitative alimony and damages totaling $3,600 ($300 per month for one year); exclusive use and possession of the marital home until June 1, 1994, at which time the residence is to be sold and the proceeds divided equally between the parties; all furniture and furnishings within the home; $1,687 for medical expenses incurred by her as a result of the husband's assault; and an attorney's fee in the amount of $1,344.60.
Additionally, the husband was made solely responsible for all indebtedness determined by the court to have been incurred by him individually. He was awarded sole possession of a 1985 vehicle and a boat with an estimated value of $9,000. Furthermore, he was ordered to maintain all life insurance policies on his life, with the two minor children to be named as beneficiaries, until such time as he is no longer obligated to pay child support. Finally, the husband was held in contempt for violating the court's restraining order. Consequently, he was sentenced to five days' confinement and he received an additional twenty-five-day suspended sentence conditioned upon his compliance with the trial court's order.
The husband appeals. We affirm in part, reverse in part, and remand.
The husband first asserts that the trial court erred in granting the wife monetary relief that he says exceeded his ability to pay. Initially, we note that the judgment of a trial court following an ore tenus hearing is presumed correct and will not be set aside unless it is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Furthermore, the trial court is afforded broad discretion in determining a fair and adequate property settlement. Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App.1982).
The husband's sole contention with regard to the monetary awards set forth in the trial court's order is that they are excessive in light of his arguable inability to pay. The procedural posture of this case is somewhat unusual in that an amended complaint was filed by the wife, seeking an award of damages as a result of the husband's assault and battery. As a result, *770 the trial court's order did not simply effect a dissolution of the parties' marriage, but also contained an award for damages sustained by the wife as a result of the assault and battery.
With respect to that portion of the order that constitutes civil damages, we find that the husband may not assert the ground that he is financially incapable of paying such damages to support a claim that the award is excessive. Clearly included as damages is the $1,687, which represents the wife's medical expenses. Somewhat less certain is the trial court's intention with regard to an award of $3,600, which it described in its order as representing "rehabilitative alimony and damages for his assault and battery." If such amount is to be construed as an award of damages, then, as we have stated, it clearly may not be challenged as excessive due to the husband's alleged inability to pay.
Even, however, if this court were to construe this amount to be an award of alimony, we find that it, in addition to the $260 per month awarded as child support and the $1,344.60 attorney's fee, is not excessive so as to constitute an abuse of the trial court's broad discretion to make such an award. Although the wife is self-employed, the record reveals that, in the year prior to this action, her income was approximately $13,000. The husband's income, in comparison, was in excess of $21,000. There was also testimony that, as a result of the husband's physical abuse, the wife was forced to miss many days of work. Furthermore, pursuant to the trial court's order, the husband was awarded possession of both an automobile and a boat, valued by his own estimate at $9,000, each of which may be used by him to satisfy this judgment. Consequently, in light of the disparate earning capacities of the parties, their twenty-five-year marriage, and the history of abuse by the husband, we find that the trial court did not abuse its discretion in its award. Kennedy v. Kennedy, 410 So.2d 100 (Ala.Civ.App.1982).
Finally, the husband asserts that the trial court erred in sentencing the husband to twenty-five days' confinement in addition to the five days of imprisonment ordered as a result of his criminal contempt. We agree and consequently find it necessary to distinguish between criminal and civil contempt. Such distinction was set forth in Ex parte Hill, 229 Ala. 501, 158 So. 531 (1935), as follows:
"A criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience to the orders of the court. A civil contempt invokes the power of the court to commit one who is continuing to violate its orders until he complies with them."
Id. at 503, 158 So. at 532.
As a result, we find the trial court's imposition of a five-day sentence for the husband's criminal contempt in violating a restraining order to be an appropriate sanction in accordance with §§ 12-1-10 and 12-11-30, Ala.Code 1975 (1989 Repl.Vol.). Those sections provide that a court is authorized to impose as punishment for criminal contempt a fine and a term of imprisonment not to exceed five days.
However, we find the court's imposition of an additional twenty-five-day sentence to be improper. Because the sentence is to be immediately imposed upon the husband's violation of the trial court's directives, it is primarily penal and not coercive in nature. Thus, it appears to this court to be an attempt to punish the husband for any future criminal contempt, despite the trial court's statement that such sentence was imposed to ensure compliance with the trial court's orders.
As we have stated, the statutorily imposed sanction for criminal contempt is limited to a fine and confinement for not more than five days. Consequently, we find the trial court's imposition of a twenty-five-day suspended sentence to be improper and reverse with respect to this issue. We note, however, that, should the husband at some later date fail to comply with the trial court's orders, then a finding of either criminal or civil contempt would, at that time, be proper.
*771 The appellee has requested an attorney's fee for representation on appeal. That request is granted in the amount of $500.
This case is due to be affirmed in part, reversed in part, and remanded with instructions to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, J., concurs.
INGRAM, P.J., concurs in part and dissents in part.
INGRAM, Presiding Judge, concurring in part and dissenting in part:
I concur in the majority opinion except as concerns the imposition of the twenty-five-day suspended jail sentence.
The majority concludes that the imposition of the twenty-five-day jail sentence is improper because it is penal in nature. With this conclusion I must disagree. To me, the imposition of this sentence was simply to ensure compliance with the trial court's orders. As such, it was coercive and not penal in nature.