Review is sought of a criminal contempt judgment.
Tommy and Victoria Lowe were divorced in September 1988 by the Circuit Court of Shelby County, Alabama. The divorce decree provided, in pertinent part, as follows: "(5) Tommy Lowe is hereby restrained from having any contact or communication with Victoria Lowe or her son."
On June 12, 1989 Victoria filed a petition in the Circuit Court of Shelby County asking that Tommy be held in contempt for, among other acts, violating the divorce decree by making harassing telephone calls to her.
After a hearing the trial court found Tommy in contempt of court and ordered that he be incarcerated in the Shelby County jail for thirty days for the "many separate and distinct prohibited telephone contacts or communication with Victoria Lowe."
Tommy appealed the contempt order to this court. In his brief here Tommy says first that the trial court exceeded its statutory authority by sentencing him to thirty days in the county jail. The statutory authority Tommy refers to is §12-11-30(5), Code 1975, which is as follows:
 "(5) Contempts. — The circuit court may punish contempts by fines not exceeding $100.00 and by imprisonment not exceeding five days. The power of the circuit court to enforce its orders and judgments by determinations of civil contempt shall be unaffected by this section."
Review of a contempt judgment when the contemnor is not in jail is by writ of certiorari, not appeal. Vaughn v. Vaughn,507 So.2d 960 (Ala.Civ.App. 1987). Furthermore, the scope of review on certiorari of a contempt judgment is limited to questions of law, and the court is not permitted to examine the weight or sufficiency of the evidence, but is permitted only to determine if there is any legal evidence to support the trial court's contempt judgment. McKeever v. McKeever, 528 So.2d 856
(Ala.Civ.App. 1988).
As noted above, appeal is not the proper review vehicle for a contempt judgment; however, on occasion we have treated an appeal of a contempt judgment as a writ of certiorari, and we so treat the present one. See, Hall v. Hall, 485 So.2d 747
(Ala.Civ.App. 1986).
The trial court found, and the evidence supports the trial court's finding, that Tommy called Victoria on the telephone many times, constituting "in excess of a dozen" violations of the divorce decree. For these many violations, the trial court awarded punishment of thirty days in jail. Obviously, the trial court considered the many violations of the decree as warranting more than five days in jail as punishment. Since the contempt decree respects past disobedience of the trial court's order, such finding of contempt is for punishment and is therefore "criminal" contempt, as opposed to "civil" contempt.See, Ex parte King, 263 Ala. 487, 83 So.2d 241 (1955).
Tommy says that § 12-11-30(5) authorizes a maximum of five days in jail as punishment for "contempts." That is, the plural rather than the singular is used in the statute; hence, the intention of the statute, he says, is that no matter how many contempts are being considered by the court at any one time, only one five-day jail sentence (and a fine not exceeding $100) can be imposed for all of the contempts.
"Subject to constitutional restrictions, . . . punishment . . . authorized by statutes may be imposed in contempt proceedings and . . . the limitations or restrictions of *Page 242 
the statutes must be observed. . . ." 17 C.J.S.Contempt § 92 (1963) (footnote omitted).
"When the duration of the imprisonment or the amount of the fine for contempt is fixed by a statute which does not offend constitutional provisions, . . . the punishment must conform to the statutory limitations. . . ." 17 C.J.S. Contempt § 99 (1963).
Section 12-11-30(5) places a limitation upon the power of a circuit court to punish for contempt because at common law the extent of punishment for contempt was discretionary with the court, subject only to review for excessiveness. Ex parte Hill,229 Ala. 501, 158 So. 531 (1935). The constitutional validity of this legislative limitation upon the judiciary is settled.Ex parte Hill.
The issue we must resolve is whether the contemptuous behavior of Tommy constitutes a single act of contempt, and can therefore be punished only by a fine not exceeding $100 and imprisonment not exceeding five days, or whether the behavior, taken individually, constitutes many separate acts of contempt and is therefore punishable by more than one citation for contempt.
Strictly construing the limitation embodied in § 12-11-30(5), we find that Tommy's contemptuous behavior was amenable to punishment up to a maximum of a $100 fine and five days' imprisonment.
Victoria filed a rule nisi petition with the trial court in which she requested that Tommy be held in contempt for violating paragraph 5 of the divorce decree, the trial court issued one judgment of contempt, and one punishment was ordered. The judgment of contempt stated that Tommy shall be imprisoned for thirty days for the "many separate and distinct prohibited telephone contacts." Thus, while the trial court's order states "separate and distinct," it is unclear exactly how many violations Tommy is being punished for, and how many days of imprisonment are being meted out per violation. Without a specified number of separate citations of contempt, based upon the evidence, we cannot ascertain whether the trial court exceeded the limitation upon its power to punish for contempt under § 12-11-30(5). Additionally, without specific findings, we are unable to review the judgment for excessiveness.
This conclusion is further supported by the fact of the inconsistencies between Victoria's testimony (she stated Tommy has called her "about thirty-six" times since their divorce), the statement by the trial court at the close of the hearing: "for those three dozen or more separate violations," and the trial court's written order that states "Tommy Lowe . . . violated [paragraph] # 5 of the divorce decree in excess of a dozen times."
Additionally, we stress that we are not at liberty on certiorari to reevaluate or reweigh the specific factual basis upon which the contempt citation is based. Therefore, we cannot make the factual determination of the specific number of "separate and distinct" acts constituting contempt. The nature or substance of each violation is apparently very similar (harassing phone calls), but to draw this conclusion would be to reweigh the factual basis of the contempt citation. This is the function of the trial court. See, Simpson v. Harbin,447 So.2d 189 (Ala. 1984).
In view of what we have said above, we must conclude that Tommy's behavior constituted a single act of contempt for which only the statutory limit of punishment was authorized, i.e. five days in jail and a $100 fine. The failure of the trial court to limit the punishment to the statutory maximum requires reversal of the court's order.
In his second issue Tommy contends that the trial court erred in refusing to suspend or continue the contempt proceedings in order for the criminal charges brought by Victoria against him to be decided first. Tommy says that Victoria had accused him of breaking into her house. Not only had criminal charges been filed against him by Victoria, but she had also included this same allegation (that Tommy had broken into her house) in her petition for the rule nisi. *Page 243 
Tommy argues that the trial court abused its discretion by forcing him to go to trial on the contempt charge before he had an opportunity to defend himself against the criminal charges.
Our supreme court has applied a balancing test, formulated inAfro-Lecon, Inc. v. United States, 820 F.2d 1198 (Fed. Cir. 1987), to determine the appropriateness of a stay or continuance in similar situations. See, Ex parte Baugh,530 So.2d 238 (Ala. 1988). Weighing Tommy's interests in postponing the civil action (privilege against self-incrimination; due process) against the prejudice that might result to Victoria because of the delay, we are compelled to postpone.
Tommy's counsel, at the beginning of the hearing, made a motion asking for a continuance because it is "fundamentally unfair to force a civil defendant to go forward when he is charged criminally under the same facts and circumstances." The trial court denied the motion for continuance.
At the hearing, Victoria was the only witness to testify. In sum, her testimony was directed toward the numerous phone calls made to her by Tommy. On cross-examination, Victoria admitted that the allegation in her petition, concerning the breaking and entering and damage to her property by Tommy, was based upon hearsay.
At the close of Victoria's case, Tommy's counsel moved to dismiss the verified petition because of Victoria's admission that she did not have "personal knowledge" of the circumstances surrounding the alleged breaking and entering and property damage. Tommy's counsel also renewed his motion for a continuance, asserting that only part of the petition was verified (constant harassment by telephone), and that further time was needed to prepare a defense.
The trial court denied the motion to continue and found Tommy in contempt for violating the provisions of paragraph 5 of the divorce decree. However, the trial court granted the motion to dismiss as to the allegations concerning the breaking and entering and property damage. In the trial court's written order, in a footnote, the trial court stated: "As it developed, the court did not even find [Tommy] in contempt of court for what [Tommy's] attorney represented as being the subject matter of criminal [charges] pending against him."
It is clear that, even though the trial court did not base its contempt citation upon the alleged breaking and entering and property damage, Tommy was placed in a position of either invoking his fifth amendment privilege in the civil case, and risking a loss there, or answering the questions in the civil case and risking a conviction on the criminal charges. In this context Tommy was forced to choose between asserting his United States Constitution fifth amendment privilege against self-incrimination or enjoying his due process right to defend himself in the civil proceedings. Requiring a party to surrender one constitutional right in order to assert another is not allowed. See, Wehling v. Columbia Broadcasting System,608 F.2d 1084 (5th Cir. 1979). Also, we find that the "severance" of the breaking and entering and property damage allegations from the contempt case, at the end of theproceedings, came too late to protect Tommy's constitutional rights involved.
This cause is reversed and remanded.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur. *Page 244