618 So.2d 1350 (1992)
John Michael HOLLIS
v.
STATE of Alabama ex rel. Brenda Ann HOLLIS.
2910339.
Court of Civil Appeals of Alabama.
December 23, 1992.
Rehearing Denied January 29, 1993.
Ira B. Colvin, Reform, for appellant.
William Prendergast and Mary E. Pons, Asst. Attys. Gen., for appellee.
ROBERTSON, Presiding Judge.
John Michael Hollis (husband) and Brenda Ann Hollis (wife) were divorced on November 1, 1983. The judgment of divorce ordered the husband to pay the wife $300 per month for the support of the parties' three minor children.
On October 10, 1991, the State of Alabama, on behalf of the wife, filed a contempt petition in which it alleged that the husband had not supported the minor children as provided for in the judgment of divorce and that as of August 31, 1991, the husband was in arrears in the amount of $18,500. The petition also requested that the trial court find the husband in contempt due to his failure to comply with the provisions of the judgment of divorce.
On January 15, 1992, the trial court entered a partial judgment in which it held that, because two of the parties' three children had reached the age of majority, a modification was in order. The trial court noted that the husband and the wife both *1351 testified that the husband had not made any child support payments pursuant to the judgment of divorce since November 1987. The trial court found that as of December 31, 1991, the husband was in arrears in the amount of $18,423, which included statutory interest. The trial court also found that the husband was in contempt of court for failing to comply with the judgment of divorce. The trial court then ordered "that this matter is hereby continued to 9:00 a.m., February 12, 1992, for punishment for said contempt and on the issue of modification of child support."
On February 12, 1992, the trial court entered a "Supplemental Decree" in which the husband was sentenced to five days in jail for 209 instances of contempt for a total of 1,045 days. The trial court modified the judgment of divorce pertaining to child support and ordered the husband to pay $285 per month for the support and maintenance of the parties' minor child pursuant to Rule 32, Alabama Rules of Judicial Administration. The trial court also ordered the husband to pay $100 per month toward the arrearage of $18,423 until the arrearage was paid in full. The trial court suspended the 1,045 day jail sentence on the condition that the husband make the $385 per month payments as ordered. The husband appeals only as to the issue of contempt.
Whether a party is in contempt of court or has failed to abide by the provisions of a judgment of divorce is a determination committed to the sound discretion of the trial court. Lundy v. Lundy, 586 So.2d 949 (Ala.Civ.App.1991). Further, this court's review in a contempt case is limited to questions of law and does not involve an inquiry into the weight and sufficiency of the evidence, and we must affirm the trial court if the decree is supported by some legal evidence. Lundy; Norland v. Tanner, 563 So.2d 1055 (Ala.Civ.App.1990).
As previously noted, the trial court found the husband in contempt of court for failing to comply with the judgment of divorce. However, the trial court later sentenced the husband to five days in jail for 209 separate instances of contempt for a total of 1,045 days. Section 12-11-30, Code 1975, provides that "[t]he circuit court may punish contempts by fines not exceeding $100 and by imprisonment not exceeding five days." Assuming that the husband's failure to comply with the judgment of divorce was contemptuous, the appropriate sentence in this case would have been no more than a five-day jail sentence for the one finding of contempt. Taylor v. Taylor, 560 So.2d 768 (Ala.Civ.App.1990). Accordingly, we find that the trial court's imposition of a sentence in excess of the statutory guidelines requires reversal of this portion of the trial court's order. Lowe v. Lowe, 561 So.2d 240 (Ala.Civ.App.1990).
The husband contends that the trial court erred in holding him in contempt of court because he entered into an oral agreement with the wife, whereby she agreed that he could cease making child support payments.
This court has held that parents may not remove by agreement their future obligation to pay child support. Thompson v. Hove, 596 So.2d 939 (Ala.Civ.App.1992). The right to child support is inherent, and it cannot be waived even by agreement. Northcutt v. Cleveland, 464 So.2d 112 (Ala.Civ.App.1985).
The statement of facts entered by the trial court reveals that the wife testified that she told the husband that he did not have to make any further child support payments; that the husband testified that he had remarried with an eight-year-old and a seven-year-old child by that marriage; that the child support payments were hard for him to pay; and that he and the wife came to a mutual agreement in 1987 that nothing was owed. Although the husband cannot alleviate his child support obligations by claiming that he and the wife entered into a mutual agreement, which the wife admitted, this agreement does indicate that the husband was not guilty of contemptuous behavior in failing to comply with the judgment of divorce.
We find that the trial court erred on the contempt issue, which was the only part of the judgment appealed by the husband. *1352 Our decision does not alter the trial court's modification of child support and judgment for arrearage. In addition, our decision does not relieve the husband of his obligation to pay $285 per month in child support and $100 per month towards the arrearage in accordance with the trial court's judgment. Further, the wife can reinstitute contempt proceedings against the husband if he fails to satisfy his child support obligations in the future.
Having addressed the issues, I am now compelled to address the dissenting opinion in this case because of the assertion that this opinion is in direct conflict with Norland, which I also wrote. In Norland, "[t]he trial court expressly found the mother in contempt of court `on two separate distinct occasions' and ordered her to serve a five-day sentence for each of the two `separate distinct violations.'" Norland at 1057. In this case, the trial court found Hollis to be in contempt of court one time "regarding child support." However, as "punishment for said contempt," the trial court later sentenced Hollis for 209 "instances of contempt." The dissent states that "there exist numerous separate orders upon which numerous violations could be found." What could be found and what was found are two different things. The record, which contains a statement of the evidence by the trial court, does not reveal how the trial court reached the number "209." The parties had been divorced eight years; the petition reflects that the divorce judgment provided for monthly child support payments, and there are only 96 months in eight years. Again, the trial court did not find Hollis in contempt of court for each time he failed to make a child support payment. Hollis was found to be in contempt of court one time; therefore, this case does not conflict with Norland, but, instead, it follows the rationale of Norland, in that the trial court must make a separate and distinct finding of contempt for each five-day sentence imposed.
Also, I am compelled to point out that there is a distinct difference between "a failure to make child support payments" for which a judgment of arrearage may be entered and "a contemptuous failure to make child support payments" for which a judgment of contempt may be entered in addition to a judgment of arrearage.
In view of the trial court's own statement of the evidence, a sentence of almost three years in the county jail for a finding of contempt is clearly an abuse and an "excess in the imprisonment ordered by the trial court." Norland at 1057.
For the foregoing reasons, the trial court's contempt order and sentence of 1,045 days in the county jail are hereby reversed and annulled.
REVERSED AND JUDGMENT OF CONTEMPT ANNULLED.
RUSSELL, J., concurs in result.
THIGPEN, J., dissents.
THIGPEN, Judge, dissenting.
I respectfully dissent.
The only issue raised by the husband in this appeal concerns the finding of contempt. In his brief, the husband argues that he "simply made a layman's mistake" and should not be held in contempt. In Norland v. Tanner, 563 So.2d 1055 (Ala. Civ.App.1990), this court affirmed the trial court's ruling that "misinterpretation" was not enough to escape a finding of contempt. Here, the lead opinion acknowledges that the alleged oral agreement did not alleviate the husband's duty to support his children, yet allows his reliance on that alleged oral agreement to reverse a finding of contempt. There is no claim regarding the husband's inability to pay or inability to comply with the support order. Such a claim, if proven, could have barred a finding of contempt. Davis v. Davis, 518 So.2d 156 (Ala.Civ.App.1987); Williams v. Stumpe, 439 So.2d 1297 (Ala.Civ.App.1983).
This court cannot assume error, nor can it presume the existence of facts to which the record is silent. Dais v. Davis, 420 So.2d 278 (Ala.Civ.App.1982). The appellant bears the burden of ensuring that the record contains sufficient evidence to warrant reversal. Matter of Coleman, 469 So.2d 638 (Ala.Civ.App.1985). There was *1353 no transcript of the proceedings provided. The evidentiary statements provided by the appellant, the appellee, and the trial court, in an attempt to comply with Rule 10, A.R.App.P., are vague and inconsistent, omitting necessary testimony and providing little for this court to review. The inadequate record on appeal presents no evidence to support reversal of the finding of contempt.
When oral testimony "was considered by the trial court in reaching its decision, and this testimony is not present in the record either as a transcript or as a Rule 10(d) summary, it continues to be conclusively presumed that the testimony is sufficient to support affirmance." Adams v. Adams, 335 So.2d 174, 177 (Ala.Civ.App.1976). The evaluation of oral testimony, its credibility and correctness, is within the power of the trial court. Etheridge v. Yeager, 465 So.2d 378 (Ala.1985). The trial court receives the conflicting evidence ore tenus, resolves the conflicts, and renders a judgment accordingly. Jones v. LeFlore, 421 So.2d 1287 (Ala.Civ.App.1982). The presumption of that judgment's correctness "may be overcome only by a showing of absence of support in the evidence or that it is unjust." Jones at 1288.
It is also well established that when a trial court's order is based on evidence that is not before the appellate court, we are required to conclusively presume that the trial court's judgment is supported by that testimony. Mitchell v. Mitchell, 506 So.2d 1009 (Ala.Civ.App.1987); Ford v. Lines, 505 So.2d 1229 (Ala.Civ.App.1986); English v. English, 352 So.2d 454 (Ala.Civ.App. 1977). Further, the law is clear that when a trial court does not make specific findings of fact concerning an issue, it is assumed that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Ex parte Walters, 580 So.2d 1352 (Ala.1991); Thomas v. Davis, 410 So.2d 889 (Ala.1982).
The record reflects that the husband has remarried, that he has two additional children by the new marriage, and that he apparently testified that it would be "hard" for him to pay support for his three older children involved in this action. In his statement, the husband asserts reliance on an alleged oral agreement with the wife to forgo visitation and "over the next five years did not pay to her child support according to the divorce decree." The wife's evidentiary statement indicates that the husband's payments had been "erratic" until she obtained employment in 1987, and after that, she "no longer pestered [him] to pay child support as I had been forced to do in the past." She further states that "he and I had no understanding regarding child support or visitation." Neither the trial court's statement, nor its orders, address whether any agreement existed. Although the trial court did not express specific findings of particular facts, such findings are implicit in its judgment. Hawk v. Biggio, 372 So.2d 303 (Ala.1979). The order simply found that the husband "has wilfully and contemptuously failed to obey the Order of this Court," and continued the matter for punishment and modification.
The trial court's supplemental order modified the support obligation to $285 per month for the one remaining child (two are no longer minors) in accordance with Rule 32, A.R.J.A., plus $100 per month towards the arrearage. The husband did not challenge these awards. Apparently the trial court had adequate financial information, which is not contained in the record on appeal, regarding the husband's finances and his ability and willingness to pay child support. Such evidence would also support a factual finding that the husband had the ability to comply. The scope of review in contempt cases does not extend to the weight and sufficiency of the evidence. Blankenship v. Blankenship, 420 So.2d 279 (Ala.Civ.App.1982). Any evidence which supports the trial court's judgment requires that we affirm. Citicorp Person to Person Financial Center, Inc. v. Sanderson, 421 So.2d 1293 (Ala.Civ.App.1982); Blankenship, supra. Due to our limited standard of review in contempt cases and the attendant legal presumptions that attach to evidence that is not before the appellate court, I would affirm the trial court's finding of contempt.
*1354 The lead opinion addresses the issue of punishment although the husband does not raise, nor argue, that issue in this appeal. As written, the lead opinion directly conflicts with the holding of Norland v. Tanner, 563 So.2d 1055 (Ala.Civ.App.1990), which upheld a trial court's ten-day contempt punishment for two "separate distinct violations." In Norland, the father's motion came after missing two visits with his daughter. The mother contended that she misunderstood and, therefore, that she was not in contempt. This court upheld the finding of contempt, and because the trial court order specified her punishment as ten daysfor two separate violations we determined that there was "no abuse or excess in the imprisonment ordered by the trial court." Norland at 1057.
This court has considered other cases which reference, but do not specifically address, the propriety of longer than five-day sentences for multiple findings of contempt. See Hill v. Moree, 602 So.2d 903 (Ala.Civ.App.1992), and Parcus v. Parcus, 615 So.2d 75 (Ala.Civ.App.1992), which affirm the trial courts. By implication, those cases could also affirm the longer punishments. Those two cases, like this case, concern child support orders, and the trial courts were very specific regarding the number of violations.
The two cases cited by the lead opinion regarding the excessiveness of the punishment are factually different from this case. Lowe v. Lowe, 561 So.2d 240 (Ala.Civ.App. 1990), concerned unspecified multiple violations of a paragraph in the divorce decree concerning harassing telephone calls. This court reversed a lengthy punishment because "[w]ithout a specific number of separate citations of contempt, ... we cannot ascertain whether the trial court exceeded the limitation.... Additionally, without specific findings, we are unable to review the judgment for excessiveness." Lowe at 242. By negative implication, it appears that had the trial court made specific findings and enumerated specific violations, this court would have affirmed.
Taylor v. Taylor, 560 So.2d 768 (Ala.Civ. App.1990), concerned a restraining order wherein the husband was sentenced to five days' confinement, plus a twenty-five-day suspended sentence conditioned upon his future compliance. This court reversed the trial court's twenty-five-day sentence, not for excessiveness, but because "it appears to this court to be an attempt to punish the husband for any future criminal contempt." Taylor at 770. This court further stated that should the husband at a later date fail to comply, then a finding of contempt would, at that time, be proper. It seems to me that Taylor is not concerned with excessiveness of punishment, but with the decision of what punishment occurs if "future" contempt is found, i.e., meting out punishment before a violation.
The law is clear that each past-due installment of child support creates a final judgment. O'Neal v. O'Neal, 532 So.2d 649 (Ala.Civ.App.1988); Petty v. Petty, 479 So.2d 1288 (Ala.Civ.App.1985). In the instant case, therefore, there exist numerous separate orders upon which numerous violations could be found.
In its first order here, which was not a final adjudication, the trial court found that the husband "contemptuously failed to obey," declared him in contempt, and expressly continued "punishment for said contempt" to a later date. The final order, which came within 30 days of the interlocutory order, specified "five days ... for each of the 209 instances of contempt." Although the interlocutory order was not specific regarding the number of instances, the final judgment was very specific. It is clear that an interlocutory order "is subject to revision" at any time before the entry of the final judgment. Rule 54(b), A.R.Civ.P. Further, a trial court has great judicial discretion over its final judgments during the thirty-day period after entry of the judgment. Petty v. Strickland, 420 So.2d 273 (Ala.Civ.App.1982). To amend or supplement the prior interlocutory order was clearly within the authority of the trial court.
In the instant case, the trial court had evidence and information, which is not part of the record on appeal, to consider in arriving at its judgment. From the scant *1355 record, it is impossible to determine the calculation utilized by the trial court to arrive at 209 instances of contempt; however, mere speculation unveils numerous possibilities. The complaint alleges that the 1983 divorce decree ordered the husband to pay $300 per month for the three minor children, and that he has not supported the children as ordered. The husband acknowledged that he had not paid support for five years. The parties agreed that the husband had not paid any court-ordered support since November 1987. There is also evidence in the record that his payments prior to 1987 were "erratic." The 1983 decree, which is not contained nor discussed in the record, may have ordered the frequency of the payments to be weekly, or the payment of $100 per child per month, or otherwise. There may have been evidence regarding prior attempts to secure obedience by adjustment or amendment to the decree. The trial court's statement also includes evidence regarding medical bills the husband had not paid as ordered. The necessary evidence was simply not made available for appellate review.
The trial court expressly found that the husband had made no child support payments for over 4 years, a period exceeding 209 weeks. Whatever proof was offered to the trial court is not provided for us to review; therefore, we must conclusively presume that the testimony is sufficient to support affirmance. Adams, supra. In my opinion, the inadequacy of the record in providing information regarding the number of times the husband contemptuously failed to make payments and the attendant conclusive presumption regarding that absent testimony require affirmance. Although the husband neither raises nor argues any issue concerning the severity or excessiveness of the punishment, I would affirm the trial court's imposition of such punishment had that issue been before us for review.