I respectfully dissent.
The only issue raised by the husband in this appeal concerns the finding of contempt. In his brief, the husband argues that he "simply made a layman's mistake" and should not be held in contempt. In Norland v. Tanner, 563 So.2d 1055
(Ala.Civ.App. 1990), this court affirmed the trial court's ruling that "misinterpretation" was not enough to escape a finding of contempt. Here, the lead opinion acknowledges that the alleged oral agreement did not alleviate the husband's duty to support his children, yet allows his reliance on that alleged oral agreement to reverse a finding of contempt. There is no claim regarding the husband's inability to pay or inability to comply with the support order. Such a claim, if proven, could have barred a finding of contempt. Davis v. Davis, 518 So.2d 156
(Ala.Civ.App. 1987); Williams v. Stumpe, 439 So.2d 1297
(Ala.Civ.App. 1983).
This court cannot assume error, nor can it presume the existence of facts to which the record is silent. Dais v.Davis, 420 So.2d 278 (Ala.Civ.App. 1982). The appellant bears the burden of ensuring that the record contains sufficient evidence to warrant reversal. Matter of Coleman, 469 So.2d 638
(Ala.Civ.App. 1985). There was *Page 1353 
no transcript of the proceedings provided. The evidentiary statements provided by the appellant, the appellee, and the trial court, in an attempt to comply with Rule 10, A.R.App.P., are vague and inconsistent, omitting necessary testimony and providing little for this court to review. The inadequate record on appeal presents no evidence to support reversal of the finding of contempt.
When oral testimony "was considered by the trial court in reaching its decision, and this testimony is not present in the record either as a transcript or as a Rule 10(d) summary, it continues to be conclusively presumed that the testimony is sufficient to support affirmance." Adams v. Adams,335 So.2d 174, 177 (Ala.Civ.App. 1976). The evaluation of oral testimony, its credibility and correctness, is within the power of the trial court. Etheridge v. Yeager, 465 So.2d 378
(Ala. 1985). The trial court receives the conflicting evidence ore tenus, resolves the conflicts, and renders a judgment accordingly. Jones v. LeFlore, 421 So.2d 1287
(Ala.Civ.App. 1982). The presumption of that judgment's correctness "may be overcome only by a showing of absence of support in the evidence or that it is unjust." Jones at 1288.
It is also well established that when a trial court's order is based on evidence that is not before the appellate court, we are required to conclusively presume that the trial court's judgment is supported by that testimony. Mitchell v. Mitchell,506 So.2d 1009 (Ala.Civ.App. 1987); Ford v. Lines,505 So.2d 1229 (Ala.Civ.App. 1986); English v. English, 352 So.2d 454
(Ala.Civ.App. 1977). Further, the law is clear that when a trial court does not make specific findings of fact concerning an issue, it is assumed that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Ex parte Walters,580 So.2d 1352 (Ala. 1991); Thomas v. Davis, 410 So.2d 889
(Ala. 1982).
The record reflects that the husband has remarried, that he has two additional children by the new marriage, and that he apparently testified that it would be "hard" for him to pay support for his three older children involved in this action. In his statement, the husband asserts reliance on an alleged oral agreement with the wife to forgo visitation and "over the next five years did not pay to her child support according to the divorce decree." The wife's evidentiary statement indicates that the husband's payments had been "erratic" until she obtained employment in 1987, and after that, she "no longer pestered [him] to pay child support as I had been forced to do in the past." She further states that "he and I had no understanding regarding child support or visitation." Neither the trial court's statement, nor its orders, address whether any agreement existed. Although the trial court did not express specific findings of particular facts, such findings are implicit in its judgment. Hawk v. Biggio, 372 So.2d 303
(Ala. 1979). The order simply found that the husband "has wilfully and contemptuously failed to obey the Order of this Court," and continued the matter for punishment and modification.
The trial court's supplemental order modified the support obligation to $285 per month for the one remaining child (two are no longer minors) in accordance with Rule 32, A.R.J.A., plus $100 per month towards the arrearage. The husband did not challenge these awards. Apparently the trial court had adequate financial information, which is not contained in the record on appeal, regarding the husband's finances and his ability and willingness to pay child support. Such evidence would also support a factual finding that the husband had the ability to comply. The scope of review in contempt cases does not extend to the weight and sufficiency of the evidence. Blankenship v.Blankenship, 420 So.2d 279 (Ala.Civ.App. 1982). Any evidence which supports the trial court's judgment requires that we affirm. Citicorp Person to Person Financial Center, Inc. v.Sanderson, 421 So.2d 1293 (Ala.Civ.App. 1982); Blankenship,supra. Due to our limited standard of review in contempt cases and the attendant legal presumptions that attach to evidence that is not before the appellate court, I would affirm the trial court's finding of contempt. *Page 1354 
The lead opinion addresses the issue of punishment although the husband does not raise, nor argue, that issue in this appeal. As written, the lead opinion directly conflicts with the holding of Norland v. Tanner, 563 So.2d 1055
(Ala.Civ.App. 1990), which upheld a trial court's ten-day contempt punishment for two "separate distinct violations." In Norland, the father's motion came after missing two visits with his daughter. The mother contended that she misunderstood and, therefore, that she was not in contempt. This court upheld the finding of contempt, and because the trial court order specified her punishment as ten days — for two separateviolations — we determined that there was "no abuse or excess in the imprisonment ordered by the trial court." Norland at 1057.
This court has considered other cases which reference, but do not specifically address, the propriety of longer than five-day sentences for multiple findings of contempt. See Hill v. Moree,602 So.2d 903 (Ala.Civ.App. 1992), and Parcus v. Parcus,615 So.2d 75 (Ala.Civ.App. 1992), which affirm the trial courts. By implication, those cases could also affirm the longer punishments. Those two cases, like this case, concern child support orders, and the trial courts were very specific regarding the number of violations.
The two cases cited by the lead opinion regarding the excessiveness of the punishment are factually different from this case. Lowe v. Lowe, 561 So.2d 240 (Ala.Civ.App. 1990), concerned unspecified multiple violations of a paragraph in the divorce decree concerning harassing telephone calls. This court reversed a lengthy punishment because "[w]ithout a specific number of separate citations of contempt, . . . we cannot ascertain whether the trial court exceeded the limitation. . . . Additionally, without specific findings, we are unable to review the judgment for excessiveness." Lowe at 242. By negative implication, it appears that had the trial court made specific findings and enumerated specific violations, this court would have affirmed.
Taylor v. Taylor, 560 So.2d 768 (Ala.Civ.App. 1990), concerned a restraining order wherein the husband was sentenced to five days' confinement, plus a twenty-five-day suspended sentence conditioned upon his future compliance. This court reversed the trial court's twenty-five-day sentence, not forexcessiveness, but because "it appears to this court to be an attempt to punish the husband for any future criminal contempt." Taylor at 770. This court further stated that should the husband at a later date fail to comply, then a finding of contempt would, at that time, be proper. It seems to me thatTaylor is not concerned with excessiveness of punishment, but with the decision of what punishment occurs if "future" contempt is found, i.e., meting out punishment before a violation.
The law is clear that each past-due installment of child support creates a final judgment. O'Neal v. O'Neal,532 So.2d 649 (Ala.Civ.App. 1988); Petty v. Petty, 479 So.2d 1288
(Ala.Civ.App. 1985). In the instant case, therefore, there exist numerous separate orders upon which numerous violations could be found.
In its first order here, which was not a final adjudication, the trial court found that the husband "contemptuously failed to obey," declared him in contempt, and expressly continued "punishment for said contempt" to a later date. The final order, which came within 30 days of the interlocutory order, specified "five days . . . for each of the 209 instances of contempt." Although the interlocutory order was not specific regarding the number of instances, the final judgment was very specific. It is clear that an interlocutory order "is subject to revision" at any time before the entry of the final judgment. Rule 54(b), A.R.Civ.P. Further, a trial court has great judicial discretion over its final judgments during the thirty-day period after entry of the judgment. Petty v.Strickland, 420 So.2d 273 (Ala.Civ.App. 1982). To amend or supplement the prior interlocutory order was clearly within the authority of the trial court.
In the instant case, the trial court had evidence and information, which is not part of the record on appeal, to consider in arriving at its judgment. From the scant *Page 1355 
record, it is impossible to determine the calculation utilized by the trial court to arrive at 209 instances of contempt; however, mere speculation unveils numerous possibilities. The complaint alleges that the 1983 divorce decree ordered the husband to pay $300 per month for the three minor children, and that he has not supported the children as ordered. The husband acknowledged that he had not paid support for five years. The parties agreed that the husband had not paid any court-ordered support since November 1987. There is also evidence in the record that his payments prior to 1987 were "erratic." The 1983 decree, which is not contained nor discussed in the record, may have ordered the frequency of the payments to be weekly, or the payment of $100 per child per month, or otherwise. There may have been evidence regarding prior attempts to secure obedience by adjustment or amendment to the decree. The trial court's statement also includes evidence regarding medical bills the husband had not paid as ordered. The necessary evidence was simply not made available for appellate review.
The trial court expressly found that the husband had madeno child support payments for over 4 years, a period exceeding 209 weeks. Whatever proof was offered to the trial court is not provided for us to review; therefore, we must conclusively presume that the testimony is sufficient to support affirmance.Adams, supra. In my opinion, the inadequacy of the record in providing information regarding the number of times the husband contemptuously failed to make payments and the attendant conclusive presumption regarding that absent testimony require affirmance. Although the husband neither raises nor argues any issue concerning the severity or excessiveness of the punishment, I would affirm the trial court's imposition of such punishment had that issue been before us for review.