This is a divorce case.
After a marriage of about three and one-half years, the wife filed a petition seeking a divorce on the grounds of incompatibility and physical cruelty. The husband answered and counterclaimed for a divorce. Both parties petitioned the court for restraining orders prohibiting each one from harassing the other. Responsive orders were issued on August 26, 1986.
On October 14, 1986 the wife sought a contempt order against the husband for violating the restraining order. This petition *Page 1315 
was set for hearing on December 2, 1986, the date for the hearing on the merits of the divorce complaint.
On November 13, 1986 the wife filed a petition seeking an emergency hearing on the question of whether she should be given sole possession of the marital home as a result of threatened acts of violence on the part of the husband's children by a former marriage. An emergency hearing was held on November 18, 1986, after which the wife was awarded sole possession of the marital home.
Following a trial on the merits the court divorced the parties on the grounds of incompatibility of temperament and irretrievable breakdown of the marriage, as well as physical cruelty by the husband to the wife, and divided the marital property.
The wife was awarded the $100,000 certificate of deposit she owned prior to the marriage, all of the stocks, bonds, and savings remaining from the $150,000 she owned prior to the marriage, title to the marital home in Tuscaloosa, and the furniture and furnishings she brought to the marriage. Also, the husband was found in contempt of court for violating the restraining order which prohibited him from harassing and intimidating the wife. It was ordered that husband could purge himself of the contempt by paying $2,250 towards the satisfaction of wife's attorney's fee. Husband's motion for new trial was denied, and he appeals.
The evidence received by the court at the hearing on the merits shows that husband and wife were married in June 1983. There were no children born of this marriage. However, husband's two teenaged children by a former marriage lived with the parties for most of their marriage.
At the time of the marriage the wife's estate consisted of a $100,000 certificate of deposit, savings, gifts, and stocks and bonds worth about $150,000, a condominium that was mortgaged, and household furnishings and furniture valued at about $80,000. Except for the condominium mortgage, the wife was relatively debt free.
At the time of the marriage the husband's estate consisted of a condominium that was mortgaged, a few items of household furniture and furnishings, books, camping equipment, and a car. In addition to his condominium mortgage, the husband had a sizeable personal indebtedness.
When the parties married, the wife was a doctoral student at the University of Georgia and was employed by the university. The husband was a professor at the University of Georgia, did consulting work for several entities, and had authored several textbooks for which he received royalties.
In May 1985 the parties and the husband's children moved to Tuscaloosa, Alabama, where husband was employed by the University of Alabama.
The wife testified that she was harassed and intimidated by husband and his children and was physically assaulted by the husband on several occasions during the parties' marriage.
The wife also testified that husband would not talk to her ab out their personal problems, refused to have sexual relations with her, and refused to seek counselling. She said the husband was constantly shouting and cursing at her both in private and in public.
First, we will consider husband's contention that the trial court's division of the parties' property was arbitrary and unjust.
Although husband argues that the trial court's property division is infected with reversible error, he concedes that a division of property in a divorce action is addressed to the sound discretion of the trial court. Echols v. Echols,459 So.2d 910 (Ala.Civ.App. 1984). Moreover, the division of property by a trial court after a hearing will not be set aside on appeal except for a palpable abuse of discretion. Isham v.Isham, 464 So.2d 109 (Ala.Civ.App. 1985). Furthermore, a division of property is required to be equitable, not equal.Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App. 1985). The fault of a party in bringing about the divorce may be considered by the trial court in making a *Page 1316 
property division. Nickerson v. Nickerson, 467 So.2d 260
(Ala.Civ.App. 1985).
In view of the short length of the marriage and evidence that the husband had mentally and physically abused the wife, we cannot say that the trial court palpably abused its discretion by the division of the parties' property.
Husband's next contention is that the trial court erred in finding him in contempt of the court's restraining order.
On August 26, 1986 the trial court had restrained the husband and his children from verbally or physically harassing or intimidating the wife. On October 14, 1986 the wife filed a motion asking the court to give her exclusive possession of the marital home and to cite husband for contempt of the August 26, 1986 restraining order. The trial court set the motion for hearing on December 2, 1986, which was the date previously set for the hearing on the divorce complaint.
On November 13, 1986 the wife filed a motion in the trial court asking for an emergency hearing on her request for exclusive possession of the marital home. The court held a hearing on wife's motion on November 18, 1986 and ordered that husband and his children vacate the marital home. The court also ordered the restraining order previously issued to remain in effect and enlarged it to prohibit the husband and his children from going on or about the marital home. The court again reminded the parties that the merits of the case would be heard on December 2, 1986.
The husband contends that the trial court erred in holding him in contempt, because he was not given notice of the contempt hearing and was not allowed to introduce evidence at the contempt hearing. We disagree.
Certiorari, and not appeal, is the proper method to use in reviewing a judgment of contempt if the contemnor is not incarcerated. Klingler v. White, 465 So.2d 405 (Ala.Civ.App. 1984). However, on occasion, this court has treated an appeal as a petition for the writ of certiorari. Battle v. Battle,476 So.2d 109 (Ala.Civ.App. 1985). Because the trial court heard the rule nisi and the divorce case together and both decisions were appealed, we will treat the appeal of the contempt judgment as a petition for certiorari.
In a contempt case review is limited to questions of law and does not encompass a review of the weight and sufficiency of the evidence, but whether there is any evidence to support the contempt judgment. Hurd v. Hurd, 485 So.2d 1194 (Ala.Civ.App. 1986).
Our understanding of husband's argument that the contempt judgment is erroneous is not that the judgment is unsupported by the evidence but that husband had no notice of the charges against him nor did he receive a hearing on those charges.
As to the notice aspect of husband's argument, the record reflects that husband was sent a copy of wife's petition for a restraining order against husband to prevent him and his children from verbally and physically harassing and intimidating her. This matter was heard by the trial court on August 25, 1986, and a restraining order was issued against husband and his children. No appeal from this order.
On October 14, 1986 wife filed a petition asking that husband be held in contempt of the restraining order. The record reflects that a copy was sent to husband. On October 15, 1986 the trial court entered an order setting this petition for hearing on December 2, 1986, the same date for the hearing of the divorce complaints. On December 3, 1986 the trial court commenced the hearing of the divorce case and the rule nisi.
Both parties presented evidence relating to whether husband and his children had harassed or intimidated wife since the August 26, 1986 restraining order. Following the hearing the husband was found in contempt of the restraining order.
Based on the record in this case, we hold that husband was given notice that he was being charged with contempt of the August 26, 1986 restraining order and that he not only had the opportunity but that he did *Page 1317 
present evidence at the December hearing relating to the violation of the restraining order. No error here.
The husband also argues that the trial court erred by requiring him to pay wife's attorney's fee as a condition of purging himself of contempt. In effect, husband contends that his contempt was not a civil contempt and, therefore, the court could not require him to pay wife's attorney's fee as a condition of purging himself.
An order of civil contempt seeks to compel or coerce compliance with certain orders of the court, while a criminal contempt order imposes punishment on the contemnor for disobedience of the court's orders. Charles Manufacturing Co.v. United Furniture Workers, 361 So.2d 1033 (Ala. 1978).
In the case at bar the husband was found to be in contempt of court because he had disobeyed the restraining order, i.e. he was found to be in contempt for disobeying an order of the trial court. This is a criminal contempt.
The punishment for criminal contempt in the circuit court is a maximum fine of $100 or a maximum sentence to the county jail of five days, or both. § 12-11-30(5), Code 1975.
The trial court imposed sanctions on the husband as for a civil contempt. It said husband could purge himself of contempt by paying $2,250 on wife's attorney's fee.
The only way a contemnor found guilty of criminal contempt can purge himself is to pay the statutory fine or serve the authorized time in the county jail or do both.
Because of the erroneous sanction imposed on husband for his contemptuous conduct, this aspect of the trial court's judgment is reversed.
We are not to be understood as saying that the trial court cannot award an attorney's fee to a party where the other party has been held in contempt. Section 30-2-54, Code 1975, provides that where a contempt citation has been made in a divorce action an attorney's fee may be awarded. Such an award is discretionary with the trial court.
The wife is awarded an attorney's fee on appeal of $500.
That aspect of the trial court's decree imposing sanctions for contempt is reversed and the cause is remanded for the imposition of proper sanctions for the husband's contempt. The other aspects of the decree appealed from are affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.