This case involves post-divorce proceedings.
The parties were divorced in January 1986. The divorce decree and subsequent modifications, inter alia, provided for custody and visitation arrangements for the three minor children of the parties. In September 1989, the trial court ordered that the daughter's physical residence be with the mother, and visitation with the father was to be on alternate weekends. After missing two visitations with the daughter, the father filed a motion to show cause why the mother should not be held in contempt for failure to abide by the ordered visitations. Following an ore tenus proceeding, the mother was found to be in contempt on two separate occasions. She was ordered to serve a five-day sentence for each violation and to pay the father's attorney's fees. After partial performance, she requested and was granted a stay pending this petition for writ of certiorari.
The mother raises several issues; however, we find the dispositive issues to be: (1) whether the findings of contempt by the trial court are supported by the evidence, and (2) whether the sanctions, including imposition of attorney's fees, were proper.
We first note that this court has a very limited scope of review in a contempt case and must affirm the trial court if there is any legal evidence to support its finding. Uhls v.Uhls, 551 So.2d 1065 (Ala.Civ.App. 1989).
The mother first contends that the trial court abused its discretion in finding her in contempt of an order that she contends is vague and uncertain. She argues that the order failed to clearly and definitively set out visitation arrangements with the daughter and that she cannot be held in contempt for failing to comply with the order, which she contends was confusing and ambiguous.
Our review of the record, which includes the September 29, 1989, order which was violated and the testimony from the hearing prior to that order, reveals that the mother not only had clear notice of what *Page 1057 
was ordered, but also had an opportunity to question it if she did not understand. The relevant provisions in the order are as follows:
 "(c) The weekend visitation periods of the three minor children with [the father] and [the mother] shall continue on alternate weekends, with all three minors being with [the father] on his weekend visitation periods and together with [the mother] on her weekend visitation periods.
". . . .
 "(e) . . . The [mother] shall provide transportation both ways, picking up and delivering, for the parties' two sons, and she shall have the responsibility to deliver [the daughter] each weekend period that said daughter is to be with [the father]."
The record reveals that the mother and her current husband were in attendance at the hearing held prior to the entry of the visitation order. Our review of the transcript of that hearing, specifically that portion concerning visitation, reveals that the trial court explicitly stated to the parties the terms and conditions of visitations, including a detailed explanation of why the mother was to be responsible for transporting the daughter to the father's house for visitation on alternate weekends to be with her brothers. The court further explained the need to be precise so the parties "will know exactly what is expected of each one of them." The transcript of that hearing reveals that the trial court offered numerous opportunities for the parties to question its intentions, and on one occasion, even afforded the parties a brief recess to "see if there is anything I have not been clear on," then returned to ask, "Do either of you have any questions?"
The mother's argument that "this entire unfortunate episode occurred as the result of her misinterpretation of the court's intent" fails to offer her relief from the consequences. This is true especially in light of actions taken by the trial court to assure that both parties understood the orders. Her argument regarding vagueness is without merit. Our review of the entire record reveals ample evidence to support the findings of contempt by the trial court in this case.
The mother next contends that the trial court abused its discretion in imposing the sanctions it ordered for contempt. She argues that the trial court exceeded its authority by imposing a 10-day sentence and by ordering her to pay the father's attorney's fees. The trial court expressly found the mother in contempt "on two separate distinct occasions" and ordered her to serve a five-day sentence for each of the two "separate distinct violations."
Ala. Code 1975, § 12-11-30(5), limits the incarceration punishment for contempt to "imprisonment not exceeding five days." However, such punishment is discretionary with the trial court within those statutory limitations. Graham v. State,427 So.2d 998 (Ala.Crim.App. 1983). The trial court, in this instance, found the mother in contempt twice, and clearly ordered separate sanctions for two separate findings of contempt. The history and evidence before the trial court, viewed with our limited scope of review and applicable law, reveals no abuse or excess in the imprisonment ordered by the trial court.
The mother also complains that the trial court erred in ordering her to pay attorney's fees. She cites Kalupa v.Kalupa, 527 So.2d 1313 (Ala.Civ.App. 1988), to support her contention that "it was error to impose sanctions in the form of requiring the payment of attorneys' fees in a criminal contempt case." In Kalupa, the trial court found the husband to be in criminal contempt of court, yet imposed sanctions as for civil contempt by ordering that he could purge himself of the contempt by payment of certain attorney's fees. We reversed for imposition of proper sanctions because "[t]he only way a contemnor found guilty of criminal contempt can purge himself is to pay the statutory fine or serve the authorized time in the county jail or do both." Kalupa, at 1317.
Ala. Code 1975, § 30-2-54, provides that the trial court, in its discretion, may award an attorney's fee in a divorce action upon a finding of civil contempt. Kalupa, supra. We have determined the distinction between *Page 1058 
civil contempt and criminal contempt in divorce cases is as follows: "An order of civil contempt seeks to compel or coercecompliance with certain orders of the court, while a criminal contempt order imposes punishment on the contemnor for disobedience of the court's orders." Kalupa, at 1317. (Emphasis added.)
In this case, the trial court, in its very lengthy and detailed explanation to the parties at the end of the proceeding, identified the problem with the mother's lack of cooperation as a continuing matter that was detrimental to her and the children. He stated that she was not the first person before his court "that looked for a way to go around, under, between, behind, or somehow avoid following the orders of the court," and, further, that "I don't know if there is anything I can do to get you to go another road." We find that the trial court, in addition to punishment for past disobedience, was attempting to compel compliance with its orders in the future. As such, its contempt findings were both criminal and civil in nature. There is no legal prohibition against the finding of both criminal and civil contempt in an appropriate factual setting. Wilson v, Freeman,402 So.2d 1004 (Ala.Civ.App. 1981). Accordingly, the award of attorney's fees was not error.
We find this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.