John Michael Hollis (husband) and Brenda Ann Hollis (wife) were divorced on November 1, 1983. The judgment of divorce ordered the husband to pay the wife $300 per month for the support of the parties' three minor children.
On October 10, 1991, the State of Alabama, on behalf of the wife, filed a contempt petition in which it alleged that the husband had not supported the minor children as provided for in the judgment of divorce and that as of August 31, 1991, the husband was in arrears in the amount of $18,500. The petition also requested that the trial court find the husband in contempt due to his failure to comply with the provisions of the judgment of divorce.
On January 15, 1992, the trial court entered a partial judgment in which it held that, because two of the parties' three children had reached the age of majority, a modification was in order. The trial court noted that the husband and the wife both *Page 1351 
testified that the husband had not made any child support payments pursuant to the judgment of divorce since November 1987. The trial court found that as of December 31, 1991, the husband was in arrears in the amount of $18,423, which included statutory interest. The trial court also found that the husband was in contempt of court for failing to comply with the judgment of divorce. The trial court then ordered "that this matter is hereby continued to 9:00 a.m., February 12, 1992, for punishment for said contempt and on the issue of modification of child support."
On February 12, 1992, the trial court entered a "Supplemental Decree" in which the husband was sentenced to five days in jail for 209 instances of contempt for a total of 1,045 days. The trial court modified the judgment of divorce pertaining to child support and ordered the husband to pay $285 per month for the support and maintenance of the parties' minor child pursuant to Rule 32, Alabama Rules of Judicial Administration. The trial court also ordered the husband to pay $100 per month toward the arrearage of $18,423 until the arrearage was paid in full. The trial court suspended the 1,045 day jail sentence on the condition that the husband make the $385 per month payments as ordered. The husband appeals only as to the issue of contempt.
Whether a party is in contempt of court or has failed to abide by the provisions of a judgment of divorce is a determination committed to the sound discretion of the trial court. Lundy v. Lundy, 586 So.2d 949 (Ala.Civ.App. 1991). Further, this court's review in a contempt case is limited to questions of law and does not involve an inquiry into the weight and sufficiency of the evidence, and we must affirm the trial court if the decree is supported by some legal evidence.Lundy; Norland v. Tanner, 563 So.2d 1055 (Ala.Civ.App. 1990).
As previously noted, the trial court found the husband in contempt of court for failing to comply with the judgment of divorce. However, the trial court later sentenced the husband to five days in jail for 209 separate instances of contempt for a total of 1,045 days. Section 12-11-30, Code 1975, provides that "[t]he circuit court may punish contempts by fines not exceeding $100 and by imprisonment not exceeding five days." Assuming that the husband's failure to comply with the judgment of divorce was contemptuous, the appropriate sentence in this case would have been no more than a five-day jail sentence for the one finding of contempt. Taylor v. Taylor, 560 So.2d 768
(Ala.Civ.App. 1990). Accordingly, we find that the trial court's imposition of a sentence in excess of the statutory guidelines requires reversal of this portion of the trial court's order. Lowe v. Lowe, 561 So.2d 240
(Ala.Civ.App. 1990).
The husband contends that the trial court erred in holding him in contempt of court because he entered into an oral agreement with the wife, whereby she agreed that he could cease making child support payments.
This court has held that parents may not remove by agreement their future obligation to pay child support. Thompson v. Hove,596 So.2d 939 (Ala.Civ.App. 1992). The right to child support is inherent, and it cannot be waived even by agreement.Northcutt v. Cleveland, 464 So.2d 112 (Ala.Civ.App. 1985).
The statement of facts entered by the trial court reveals that the wife testified that she told the husband that he did not have to make any further child support payments; that the husband testified that he had remarried with an eight-year-old and a seven-year-old child by that marriage; that the child support payments were hard for him to pay; and that he and the wife came to a mutual agreement in 1987 that nothing was owed. Although the husband cannot alleviate his child support obligations by claiming that he and the wife entered into a mutual agreement, which the wife admitted, this agreement does indicate that the husband was not guilty of contemptuous behavior in failing to comply with the judgment of divorce.
We find that the trial court erred on the contempt issue, which was the only part of the judgment appealed by the husband. *Page 1352 
Our decision does not alter the trial court's modification of child support and judgment for arrearage. In addition, our decision does not relieve the husband of his obligation to pay $285 per month in child support and $100 per month towards the arrearage in accordance with the trial court's judgment. Further, the wife can reinstitute contempt proceedings against the husband if he fails to satisfy his child support obligations in the future.
Having addressed the issues, I am now compelled to address the dissenting opinion in this case because of the assertion that this opinion is in direct conflict with Norland, which I also wrote. In Norland, "[t]he trial court expressly found the mother in contempt of court 'on two separate distinct occasions' and ordered her to serve a five-day sentence foreach of the two 'separate distinct violations.' " Norland at 1057. In this case, the trial court found Hollis to be in contempt of court one time "regarding child support." However, as "punishment for said contempt," the trial court later sentenced Hollis for 209 "instances of contempt." The dissent states that "there exist numerous separate orders upon which numerous violations could be found." What could be found and what was found are two different things. The record, which contains a statement of the evidence by the trial court, does not reveal how the trial court reached the number "209." The parties had been divorced eight years; the petition reflects that the divorce judgment provided for monthly child support payments, and there are only 96 months in eight years. Again, the trial court did not find Hollis in contempt of court for each time he failed to make a child support payment. Hollis was found to be in contempt of court one time; therefore, this case does not conflict with Norland, but, instead, it follows the rationale of Norland, in that the trial court must make a separate and distinct finding of contempt for each five-day sentence imposed.
Also, I am compelled to point out that there is a distinct difference between "a failure to make child support payments" for which a judgment of arrearage may be entered and "acontemptuous failure to make child support payments" for which a judgment of contempt may be entered in addition to a judgment of arrearage.
In view of the trial court's own statement of the evidence, a sentence of almost three years in the county jail for a finding of contempt is clearly an abuse and an "excess in the imprisonment ordered by the trial court." Norland at 1057.
For the foregoing reasons, the trial court's contempt order and sentence of 1,045 days in the county jail are hereby reversed and annulled.
REVERSED AND JUDGMENT OF CONTEMPT ANNULLED.
RUSSELL, J., concurs in result.
THIGPEN, J., dissents.