I concur with the majority that the action here was not barred by the doctrine of sovereign immunity; however, I respectfully dissent to that portion of the opinion regarding the issue of contempt.
An order of civil contempt seeks to compel obedience and is coercive in nature, while a criminal contempt order imposes punishment for disobedience. State v. Thomas, 550 So.2d 1067
(Ala. 1989); Kalupa v. Kalupa, 527 So.2d 1313
(Ala.Civ.App. 1988). Further, in civil contempt, one must be given an opportunity to bring oneself into compliance. Newman v.Graddick, 740 F.2d 1513 (11th Cir. 1984). "The line between civil and criminal contempt can sometimes become blurred."Thomas at 1073. Additionally, there is no prohibition against finding one in both civil and criminal contempt. Klingler v.White, 465 So.2d 405 (Ala.Civ.App. 1984). When a court seeks to punish or to vindicate its own authority, the contempt imposed is criminal and a plethora of protections are invoked.Combs v. Ryan's Coal Co., 785 F.2d 970 (11th Cir. 1986). Punishment for criminal contempt is limited to fines and imprisonment. Brooks v. Brooks, 480 So.2d 1233
(Ala.Civ.App. 1985). No attorney's fee is recoverable in criminal contempt proceedings. Moody v. State ex rel. Payne,355 So.2d 1116 (Ala. 1978).
The record in the instant case is not a model of clarity. The petition, filed in May 1991, alleges mishandling of a payment of March 25, 1991, and does not mention a payment of June 1990; additionally, the petition specifically requests that DHR be "punished" for contempt and that future payments be directed to Kelly's attorney for disbursement. In its answer, DHR admits its failure to disburse any part of the March 25, 1991, payment to Kelly and does not reference June 1990, in any way, yet the holding of the trial court finds contempt in the handling of a June 1990 payment. There is nothing in the record revealing how the issue changed from the March 25, 1991, payment to the June 1990, double payments.
There was no testimony presented in this case. Argument of counsel was presented January 7, 1992, and it was asserted to the trial court that the facts were not disputed. There was no evidence presented regarding DHR's intent to contemptuously violate the trial court's order. In fact, the only information *Page 742 
presented to the trial court was that DHR failed to pay Kelly as ordered because of a policy regarding disbursement of a second payment received in one month.
While we may agree with the trial court's reasoning and interpretation of DHR's regulatory mandate, nevertheless, the trial court did not give DHR notice that its interpretation of its disbursement policy was faulty. The trial court did not offer DHR an opportunity to bring itself into compliance or to purge itself from contempt. The January 1990, order is not in the record; however, the parties agree that pursuant to that order, Maddox was ordered to pay $200 per month to DHR, and that DHR was authorized to withhold $25 of each $200 payment to apply towards the arrearage. The trial court's order does not appear to compel obedience to a court order, but rather, it appears to punish DHR for past disobedience. Therefore, it appears to me that the trial court must have found DHR in criminal contempt rather than civil contempt.
It is my opinion that the record simply does not warrant a finding of criminal contempt. There is simply no evidence presented that, in applying its policy regarding multiple payments received in one month, albeit a faulty policy, DHR contumaciously violated the trial court's order. Based on the foregoing, I believe that the judgment of the trial court finding contempt and awarding an attorney's fee should be reversed. Therefore, I must respectfully dissent.