MOORE, Judge.
Melanie B. Paulk (“the mother”) appeals from a judgment entered by the Mobile Circuit Court (“the trial court”) in a post-divorce action to the extent that it held her in contempt of court for failing to pay educational expenses for the parties’ children, J.E.P., C.G.P., and J.G.P., and to the extent that it offset the amounts that Robert A. Paulk (“the father”) owed for child support and the children’s medical expenses against the amounts that she owed for the children’s educational expenses. We reverse the trial court’s judgment.

Procedural History

On April 14, 2004, the parties were divorced by a judgment entered by the trial court; that judgment incorporated an agreement entered between the parties. Among other things, the divorce judgment awarded the mother, in effect, sole physical custody of the children and ordered the father to pay child support and one-half of the children’s noncovered medical and dental expenses. The divorce judgment also included a provision stating: “THAT the [father] shall be responsible for the payment of tuition for the three minor children to attend [UMS-Wright Preparatory] School, and the [mother] shall be responsible for activity fees, books and uniforms. The [father] shall not be responsible for payment of the three minor children to attend any other private school unless agreed upon by the parties.”
On June 12, 2012, the father filed a petition seeking to modify custody of C.G.P. The mother subsequently answered that petition and counterclaimed, requesting that the father be held in contempt for, among other things, failing to pay child support and certain medical expenses incurred by the children. On October 18, 2013, the father filed a reply to the counterclaim; he also counterclaimed for a rule nisi, alleging that the mother had failed to pay for “activity fees, books, uniforms and meals” related to UMS-Wright Preparato *901 ry School. He alternatively argued that the provision in the divorce judgment relating to the payment of the children’s tuition and expenses at UMS-Wright Preparatory School had been rendered void when the mother had not enrolled the children at that school for the 2008-09 school year. On December 13, 2013, the father filed a motion to modify his visitation with J.G.P.
On July 21, 2015, the trial court entered a judgment resolving all the issues raised by the parties.[1] Specifically, with respect to the issues relevant to this appeal, the trial court found the father in contempt for failing to pay child support and his portion of the children’s medical expenses and found the mother in contempt for failing to pay the children’s educational expenses; the trial court applied “an offset for the benefit of each party for what the other owes[, finding] that neither party owes the other any monies ... as a result of their contemptuous behavior.” On August 19, 2015, the mother filed a postjudgment motion. The mother filed an amendment to her postjudgment motion on October 14, 2015. On November 6, 2015, the mother’s postjudgment motion, as amended, was denied by the trial court. The mother filed her notice of appeal on December 7, 2015.

Discussion

I. Contempt
On appeal, the mother argues that the trial erred in holding her in contempt because, she says, she did not believe that she was required to pay the expenses for UMS-Wright Preparatory School after she had declined to enroll the children in that school for one year and had then re-enrolled them the following year and because the father had agreed to pay those expenses upon the children’s re-enrollment. She contends that her failure to pay was not willful.
“It has long been held in this state that if the parties to a divorce proceeding have entered into an agreement in anticipation thereof and request that its provisions in full or in part be included in the decree of the court, such agreement, if incorporated, loses its contractual nature insofar as the right to modify it is concerned. Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348 (1969). This court has said that if there is an agreement between the parties and it is not merged or superseded by the decree of the court, it remains a contract between the parties and may be enforced as any other contract. However, any part of the agreement which is merged in the decree is subject to the equity power of the court and is no longer of a contractual nature. East v. East, 395 So.2d 78 (Ala.Civ.App.1980), cert. denied, 395 So.2d 82 (Ala.1981).”
Oliver v. Oliver, 431 So.2d 1271, 1275 (Ala.Civ.App.1983). See also McCreless v. McCreless, 673 So.2d 438, 440 (Ala.Civ.App.1995). Accordingly, because, in the present case, the parties’ agreement concerning the payment of tuition and expenses associated with the children’s attendance at UMS-Wright Preparatory School had been incorporated into the divorce judgment, the parties were not permitted to modify the agreement without approval of the trial court. Therefore, the mother’s obligation under the divorce judgment may still be enforced against her.
However, although a party will not be relieved of his or her obligations *902 under a divorce judgment without approval of the court, evidence of an agreement of the parties will suffice to prove an absence of “contemptuous behavior in failing to comply with the judgment of divorce.” Hollis v. State ex rel. Hollis, 618 So.2d 1350, 1351 (Ala.Civ.App.1992) (plurality opinion) (abrogated on other grounds, Stack v. Stack, 646 So.2d 51 (Ala.Civ.App.1994)). See also Mullins v. Sellers, 80 So.3d 935, 943 (Ala.Civ.App.2011) (relying on Hollis and holding that “because the record conclusively demonstrated that the parties had agreed that the father was not required to pay child support for at least a period of seven months, we cannot conclude that the mother proved beyond a reasonable doubt that the father’s failure to make his child-support payments through the offic,e of the clerk of the trial court [during those seven months] was willful”). In Hollis, the evidence was undisputed that the parties had entered into a mutual agreement that no child support was owed despite there being a judgment requiring the payment of child support. Hollis, 618 So.2d at 1351. This court held that, although the parties’ agreement did not alter the judgment requiring the payment of child support, the child-support obligor’s behavior in failing to pay child support was not contemptuous. Id. Similarly, in the present case, the father testified that he had believed that the parties’ obligations with regard to paying the tuition and expenses for the children to attend UMS-Wright Preparatory School had been voided when the mother declined to enroll the children in that school for a one-year period. He testified that, upon the children’s re-enrollment in UMS-Wright Preparatory School, he had agreed to pay all the expenses associated with the children’s attendance there. Because it is undisputed that the parties were operating under an informal agreement, we conclude that the mother’s behavior in failing to pay the expenses at issue was not contemptuous. Therefore, although the trial court had the power to enforce the mother’s obligation, it exceeded its discretion in holding the mother in contempt. Accordingly, we reverse the trial court’s judgment to the extent that it held the mother in contempt of court for failing to pay the expenses associated with the children’s attendance at UMS-Wright Preparatory School. See Hollis, 618 So.2d at 1351.
II. Offset
The mother also argues that the trial court erred in offsetting the amount she owed for the children’s activity fees, books, and uniforms associated with their attendance at UMS-Wright Preparatory School against the amount the father owed for child support. She cites Caswell v. Caswell, 101 So.3d 769- (Ala.Civ.App.2012), in support of her argument. In Caswell, this court held that the trial court in that case had erred in awarding a credit “against the father’s child-support arrear-age for expenditures related to the children’s extracurricular activities” because the parties had been “required [by the divorce judgment] to equally share in expenditures related to the extracurricular activities of the ‘minor children,’ [and because] that obligation is separate and distinct from the father’s obligation to pay child support pursuant to the child-support guidelines in Rule 32, Ala. R. Jud. Admin.” Caswell, 101 So.3d at 774. See also Deas v. Deas, 747 So.2d 332, 337 (Ala.Civ.App.1999) (“The child support guidelines are designed to provide for the basic support needs of a child.”). Similarly, in the present case, the mother’s obligation with regard to the expenses associated with the children’s attendance at UMS-Wright Preparatory School is “separate and distinct from the father’s obligation to pay child support pursuant to the child-support guidelines in Rule 32, Ala. R. Jud. Admin.” Caswell, 101 So.3d at 774. Therefore, in accordance with Caswell, we reverse the *903 trial court’s judgment to the extent that it offset the amount the mother owed for the children’s activity fees, books, and uniforms associated with their attendance at UMS-Wright Preparatory School against the amount the father owed for child support.
The mother also argues that the trial court failed to determine what amounts had not been paid by either party, plus any interest owed, and failed to show what amounts were being offset. Because we are reversing the trial court’s judgment to the extent that the trial court offset the amount the mother owed for the children’s activity fees, books, and uniforms associated with their attendance at UMS-Wright Preparatory School against the amount the father owed for child support, the trial court is instructed on remand to calculate the amounts the parties owe in accordance with this opinion.

Conclusion

Based on the foregoing, we reverse the trial court’s judgment insofar as it found the mother in contempt of court and insofar as it offset the amount the mother owed for the children’s activity fees, books, and uniforms associated with their attendance at UMS-Wright Preparatory School against the amount the father owed for child support. On remand, the trial court is instructed to calculate the amount's the parties owe in accordance with this opinion.
The mother’s request for an award of attorney’s fees on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ„ concur.

. The issue raised in the mother’s counterclaim regarding the children’s prepaid-college-tuition plans was impliedly waived at the trial because no evidence was presented regarding that issue. See Posey v. Mollohan, 991 So.2d 253, 258 (Ala.Civ.App.2008). All the other issues raised by the parties were specifically addressed in the trial court's judgment.