MOORE, Judge.
Melanie B. Paulk ("the mother") appeals from an order entered by a judge who had retired from the Mobile Circuit Court ("the trial court") on January 11, 2017, on remand from this court's decision in Paulk v. Paulk, 217 So.3d 899 (Ala. Civ. App. 2016). In Paulk, this court reversed the trial court's July 21, 2015, judgment to the *522 extent that that judgment "found the mother in contempt of court and insofar as it offset the amount the mother owed for the [parties'] children's activity fees, books, and uniforms associated with their attendance at UMS-Wright Preparatory School against the amount the father[, Robert A. Paulk,] owed for child support." 217 So.3d at 903. This court instructed the trial court, on remand, to calculate the amounts the parties owe. Id.
After this court's reversal in Paulk, the mother filed, on November 3, 2016, a motion requesting the trial court to enter an order in accordance with this court's opinion. On November 18, 2016, the mother filed a motion requesting that the case be transferred to Judge Walter Honeycutt due to the retirement of Judge Donald Banks, the judge who had heard the case.
On January 10, 2017, Judge Honeycutt entered an order on remand. On January 11, 2017, that order was set aside as having been entered as the result of a clerical error. That same day, a new order, signed by Retired Judge Banks, was entered. On February 9, 2017, the mother filed a postjudgment motion and an amended postjudgment motion. The mother's postjudgment motion, as amended, was denied by Retired Judge Banks on February 15, 2017. On March 25, 2017, the mother filed her notice of appeal.
On appeal, this court, ex mero motu, raised the jurisdictional issue of the effect of Judge Banks's retirement on the validity of the January 11, 2017, order entered by him and requested that the parties brief that issue. See, e.g., Ex parte K.R., 210 So.3d 1106, 1112 (Ala. 2016) (holding that issue of validity of appointment of judge is jurisdictional and may be raised ex mero motu at any time). Both parties filed letter briefs with this court.
In Ex parte K.R., the probate judge assigned to that case recused himself. The recusing judge ordered that the clerk of the probate court assign the case to " 'one of the temporary judges of probate appointed by the Presiding Judge of the Circuit Court of Mobile County, Alabama.' " 210 So.3d at 1108. The clerk of the probate court assigned the case to J. Michael Druhan, a Mobile attorney, who then entered orders in the case; however, the presiding judge of the Mobile Circuit Court had not appointed Druhan to serve as a temporary probate judge, pursuant to § 12-1-14.1, Ala. Code 1975, and the Chief Justice of the Alabama Supreme Court had not appointed Druhan to serve as a judge, pursuant to § 12-2-37, Ala. Code 1975. Id. K.R. filed a petition for a writ of mandamus with our supreme court. Our supreme court concluded that, in the absence of a valid appointment, Druhan lacked the authority to enter any orders in the case and that the orders entered by Druhan were void. 210 So.3d at 1113.
In the present case, Judge Banks retired effective December 31, 2015. The methods for the appointment of a temporary circuit judge are found in § 12-1-14, Ala. Code 1975, and in § 12-1-14.1, Ala. Code 1975. Section 12-1-14.1(a) provides, in pertinent part: "At the request of the affected judge in a particular circuit, the presiding circuit court judge of the circuit may appoint and commission a special circuit court judge, special district court judge, or special judge of probate for temporary service." Section 12-1-14 provides, in pertinent part: "Should the need for special judges in the circuit court, district court or probate court arise, the Supreme Court may appoint and commission special circuit judges or special district court judges or special probate judges for temporary service."
In the record on appeal, there is no order indicating that Retired Judge Banks *523 was appointed to serve as a temporary judge in accordance with the law, nor has either party contended that there was a valid appointment. Furthermore, neither party has cited this court to any legal basis upon which a retired judge may enter an order without a valid appointment. Therefore, we conclude that Retired Judge Banks lacked authority to enter the January 11, 2017, order, and, therefore, that order is void. K.R., 210 So.3d at 1113. Because a void judgment will not support an appeal, see, e.g., Colburn v. Colburn, 14 So.3d 176, 179 (Ala. Civ. App. 2009), we dismiss this appeal, albeit with instructions for the circuit court to set aside the void order entered by Retired Judge Banks.
We note that, because the order entered by Retired Judge Banks is void, the case remains pending in the trial court for disposition in accordance with our earlier remand instructions. Nothing in this opinion should be construed as preventing or requiring the appointment of Retired Judge Banks as a special temporary judge to dispose of this case.
APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.