MOORE, Judge.
Melanie B. Paulk ("the mother") petitions this court for a writ of mandamus directing the Mobile Circuit Court ("the trial court") to comply with this court's remand instructions issued in her action against Robert A. Paulk ("the father"). See Paulk v. Paulk, 217 So.3d 899 (Ala. Civ. App. 2016) (" Paulk I"). In Paulk I, this court reversed the trial court's July 21, 2015, judgment to the extent that that judgment "found the mother in contempt of court and insofar as it offset the amount the mother owed for the [parties'] children's activity fees, books, and uniforms associated with their attendance at UMS-Wright Preparatory School against the amount the father owed for child support." 217 So.3d at 903. This court remanded the cause with instructions that the trial court "calculate the amounts the parties owe." Id.
On January 11, 2017, Retired Judge Donald Banks entered an order on remand following this court's reversal. After the mother filed a timely postjudgment motion and that motion was denied, the mother filed a notice of appeal to this court. See Paulk v. Paulk, 249 So.3d 521 (Ala. Civ. App. 2017) (" Paulk II"). In Paulk II, the mother raised the same issues regarding the January 11, 2017, order that she raises in the present mandamus petition regarding the order under review; however, this court did not reach the merits of the arguments in Paulk II. Instead, this court, "ex mero motu, raised the jurisdictional issue of the effect of Judge Banks's [intervening] retirement on the validity of the January 11, 2017, order entered by him." After receiving letter briefs on that issue, this court determined that, because the order challenged was issued by a retired judge who had lacked authority to enter an order in the case, that order was void. 249 So. 3d at 522. We therefore dismissed the appeal *1153 with instructions to the trial court to set aside the void order. 249 So. 3d at 523.
On September 12, 2017, Mobile County Circuit Judge John R. Lockett entered an order stating: "Donald Banks, retired Circuit Judge, having been appointed this date pursuant to Ala. Code [1975, § ] 12-1-14.1..., is hereby assigned this case to conduct any and all further proceedings." On November 29, 2017, Judge Banks entered an order, similar to the January 11, 2017, order, providing, in pertinent part:
"1. THAT all motions for contempt are hereby denied.
"2. THAT a judgment is awarded in favor of the [mother] and against the [father] in the amount of $21,820.00 representing monies the [father] should have paid pursuant to prior Court orders but did not pay.
"3. THAT a judgment is awarded in favor of the [father] and against the [mother] in the amount of $19,000.00 representing monies the [mother] should have paid pursuant to prior Court orders but did not and which were paid by the [father]."
The mother filed her mandamus petition with this court on January 5, 2018.
In her petition, the mother argues that the trial court's November 29, 2017, order failed to comply with this court's remand instructions in Paulk II.
" ' "The writ of mandamus is a drastic and extraordinary writ, to be 'issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993) ; see also Ex parte Ziglar, 669 So.2d 133, 134 (Ala. 1995)." Ex parte Carter, [807 So.2d 534,] 536 [ (Ala. 2001) ]. '
" Ex parte McWilliams, 812 So.2d 318, 321 (Ala. 2001). A petition for a writ of mandamus is the proper method by which to bring before an appellate court the question whether the trial court, on remand, has complied with the appellate court's mandate. Ex parte Edwards, 727 So.2d 792, 794 (Ala. 1998).
"... [A]fter a case is remanded, the trial court may enter ' " '[n]o judgment other than that directed or permitted by the reviewing court.... The appellate court's decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence.' " ' Id. at 794 (quoting Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983), quoting in turn 5 Am. Jur. 2d Appeal & Error § 991 (1962) )."
Ex parte Queen, 959 So.2d 620, 621 (Ala. 2006).
The mother specifically argues in her mandamus petition that the trial court "impermissibly alter[ed], amend[ed] or vacate[d] provisions of the July 21, 2015 Order where no further authority was given to the trial court to do so." We note that, in the original July 21, 2015, judgment, which we reversed with regard to the issues raised in Paulk I, the trial court "found the father in contempt for failing to pay child support and his portion of the children's medical expenses and found the mother in contempt for failing to pay the children's educational expenses." 217 So.3d at 901. This court did not reverse the judgment as to the finding that the father was in contempt, nor did we state in our opinion that the trial court could revisit that finding. Thus, the finding that the father was in contempt is the law of the case, and the trial court lacked the authority *1154 to alter that finding. Queen, 959 So.2d at 621. Therefore, we grant the mother's petition to the extent that she challenges the trial court's denial of the mother's counterclaim seeking to hold the father in contempt for failing to pay child support and his portion of the children's medical expenses. We issue a writ directing the trial court to amend its November 29, 2017, order in accordance with this opinion.
The mother also argues that the trial court failed to follow this court's instruction in Paulk I"to calculate the amounts the parties owe." 217 So.3d at 903. She argues that the trial court's November 29, 2017, order does not contain sufficient detail concerning its calculations. However, in this court's remand instructions in Paulk I, we did not require the trial court to provide any detail concerning its calculations; we simply required the trial court to calculate the amounts each party owes without offsetting the amounts against one other. Moreover, the mother does not cite any law requiring any such detail. Accordingly, we conclude that the mother has failed to show a clear legal right to the relief she seeks on this point, and her petition is therefore denied with regard to this issue. Queen, 959 So.2d at 621.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.