YATES, Judge.
Sunbelt Safety & Barricade, Inc., sued Harbert International, Inc., and its surety, United States Fidelity and Guaranty Company, alleging breach of contract and seeking compensation for work and labor done. Har-bert answered and filed a motion to inter-plead several parties that sought retainage money held by Harbert pursuant to the original subcontract between Harbert and Sunbelt. The trial court granted Harbert’s motion, but, for purposes of this appeal, neither the interpleaded parties nor the issues they raised through various pleadings are relevant.
After an ore tenus hearing, the trial court entered a $21,875.26 judgment, with “interest allowed by law plus costs,” in favor of Sunbelt, under the theory of quantum meruit, for work and labor done. The trial court denied Harbert’s post-trial motion; Harbert appeals. Harbert’s only contention on appeal is that the trial court erred in calculating the amount of quantum meruit damages.
In January 1991, Sunbelt entered into a subcontract with Harbert to provide traffic control devices on a highway project that Harbert had contracted to perform for the State Highway Department. The original subcontract provided that Sunbelt would furnish to Harbert 100 safety cones at $119.05 per cone and 100 cone weights at $95.24 per weight. In April 1991, Harbert ordered 50 additional cones and weights for the same unit price, pursuant to a valid, written change order that modified the original subcontract. In a letter dated May 1991, Har-bert’s construction manager instructed Norman Hill, Sunbelt’s president, to refrain from bringing additional cones and weights to the jobsite unless he received specific written instructions from Harbert. These instructions were consistent with the requirements in the subcontract for written modification of its terms.[1]
In October 1991, representatives from Harbert, Sunbelt, and the Highway Department met to discuss, among other things, whether additional cones and weights were needed on the project. Steve Watkins, the project engineer for the Highway Department, testified that John White, the project manager for Harbert, wanted to add additional cones to increase the length of the lane *850 closures;[2] that he had told White that he would consult with the division office of the Highway Department to obtain approval for the additional cones; and that he subsequently obtained approval for the use of approximately 225 additional cones for the month of November.
Watkins further testified that approximately one week after the October meeting, White came to him and told him that Har-bert did not want the additional cones; that Harbert would not pay Sunbelt for them; and that, therefore, the Highway Department should not compensate Harbert for cones that Harbert did not order from Sunbelt.
Hill testified that, even though the subcontract required that all contract changes be in writing, Sunbelt would act upon oral orders from Harbert before receiving written orders, and that this was in keeping with the informal procedure the two companies used in their dealings with each other. He also testified that on the same day that he met with White and Watkins, he ordered additional cones from his supplier even though Watkins had not, at that time, obtained approval for additional cones from the Highway Department.
Hill further testified that Sunbelt’s supervisor, Albert Womack, would not begin work until he had received instructions from Har-bert’s supervisor, and that throughout the month of November Harbert never told Sunbelt to stop using the additional cones. Womack gave similar testimony and stated that Sunbelt used the additional cones for about one month. In December 1991, Hill began receiving letters from White indicating Harbert’s unwillingness to pay for the additional cones.
Sunbelt sought $48,215.25 in damages for work and labor done. The trial court awarded less than half that amount, and determined that the cones and weights were used for only one month. Nothing in the trial court’s order indicates the factors that it considered in awarding $21,875.26 in damages.[3] Harbert argues that the trial court, in determining the reasonable value of the work and labor done, should have considered: (1) the amount that Sunbelt paid to its supplier for the additional cones — $3,154.50 for 225 cones and weights; or (2) the amount that the Highway Department paid Har-bert — $4,027.50 for 225 cones and weights; or (3) the original subcontract price of $119.05 per cone and $95.24 per cone weight, to determine the reasonable value of Sunbelt’s work and labor done. Hill testified that this subcontract price was based upon his labor, fuel, equipment, and replacement costs amortized over approximately 300 to 400 working days. We find Harbert’s suggestions as to the reasonable value of Sunbelt’s services to have merit.
“In an action for work and labor, the measure of recovery is the reasonable value of such work and labor performed.... It is the duty of the court hearing the testimony ore tenus to resolve the conflict and render a judgment accordingly. Having reached and entered such judgment, it is supported by a presumption of correctness upon appeal. Such presumption may be overcome only by a showing of absence of support in the evidence or that it is unjust. The presumption of correctness is strengthened by denial of a motion for new trial.”
Jones v. LeFlore, 421 So.2d 1287, 1288-89 (Ala.Civ.App.1982) (citations omitted).
While there is a strong presumption in favor of the trial judge as to the correctness of his judgment entered in a case presented ore tenus, especially in light of the trial court’s denial of a motion for new trial, nothing in the evidence supports the trial court’s $21,875.26 award to Sunbelt. Moreover, nothing in the trial court’s order indicates what factors the trial court considered in determining the reasonable value of services rendered by Sunbelt.
*851 “[A]ll factors tending to throw light on the question of reasonable value of services, work and labor, or incidental materials, should be considered. Additionally, it is suggested where there is no express contract, the price paid a party on previous occasions for similar services is a proper matter to consider in ascertaining the reasonable value of work and labor.”
Beltline, Inc. v. Powell, 371 So.2d 920, 924 (Ala.Civ.App.1979).
Based on the foregoing, we reverse the trial court’s judgment and remand the case for a determination of damages based on the value of services rendered by Sunbelt and an explanation of the factors that the trial court considered in rendering its judgment.
Harbert also contends that Sunbelt is not entitled to prejudgment interest attached to the trial court’s award of damages; however, we will not address this issue, as the trial court, in its order, makes no mention of prejudgment interest.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.

. The subcontract, in paragraph nine, provided that "[n]o changes in, additions to, or omissions from the work shall be binding unless made in writing an [sic] signed by the parties."

. Watkins testified that he had informed Harbert of the need to decrease the distance between cones to 50 feet.

. At the close of the hearing, the trial court stated that it assessed damages "on the basis of quantum meruit for the use of two hundred and twenty-five cones and their bases for a period of thirty days.” (125)