[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 30, 2007
THOMAS K. KAHN
CLERK

_____

Nos. 06-11961 & 06-14817
Non-Argument Calendar
_____

D. C. Docket No. 03-00326-CV-T-27-MAP

DOUGLAS S. CARTER,

Plaintiff-Appellant,

versus

DIAMONDBACK GOLF CLUB, INC.,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(March 30, 2007)**

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Douglas S. Carter ("Carter") filed suit against his former employer, Diamondback Golf Club, Inc. ("Diamondback"), for religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII"), and the Florida Civil Rights Act, Fla. Stat. §§ 760.01–760.11. Previously, we vacated the district court's grant of summary judgment in favor of Diamondback on the grounds that Carter had "present[ed] circumstantial evidence of a mixed motive on Diamondback's part." *Carter v. Diamondback Golf Club, Inc.*, No. 12422, slip op. at 2 (11th Cir. Apr. 1, 2005).

On remand, the district court considered Diamondback's renewed motion for summary judgment and held that Carter had presented circumstantial evidence sufficient to raise a genuine issue of material fact that religion was a motivating factor in Diamondback's decision to fire him. The district court also determined that if Carter were to convince the jury that religion was a motivating factor in his termination, and Diamondback successfully raised a "same decision" defense, Carter would be limited to seeking attorney's fees and costs. The court held, without considering the particular facts of the case, that Carter could not seek declaratory or injunctive relief because he did not specifically request declaratory or injunctive relief in his complaint. The district court chose not to construe

2

language in the complaint requesting "such other relief as this Court deems just and proper" as encompassing a claim for declaratory or injunctive relief.

The case proceeded to trial and a jury returned a "mixed-motive" verdict establishing that although religion was a motivating factor in Diamondback's decision to terminate Carter, Diamondback would have made the same decision even if Carter's religion had not been considered. Following its earlier limitation, the district court did not consider declaratory or injunctive relief, but did determine that Carter is not entitled to attorneys' fees and costs because he did not obtain at least some relief on the merits of his claim, and therefore was not a prevailing party. Further, the district court did not award attorneys' fees and costs because it did not find Diamondback's discrimination to be particularly egregious, but found that Carter had engaged in wrongdoing of his own that resulted in his termination.

In these consolidated appeals, Carter argues that (1) the district court erred in ruling that it need not consider declaratory and injunctive relief, and (2) that the district court erred in denying his motion for attorneys' fees and costs.

**I.**

The district court should not have denied declaratory and injunctive relief merely because Carter failed to specifically request such relief in his complaint.[1]

---

[1]We review the district court's conclusion that Carter was not entitled to declaratory or injunctive relief *de novo*, as it was a conclusion of law. *Miles v. Naval Aviation Museum Found.,*

Pursuant to Rule 54(c) of the Federal Rules of Civil Procedure, a court may grant such relief as is proper notwithstanding the failure of a party to demand such relief in the pleadings. *See Holt Civic Club v. City of Tuscaloosa,* 439 U.S. 60, 65-66, 99 S. Ct. 383, 387, 58 L. Ed. 2d 292 (1978). Under Rule 54(c) and Title VII, the district court has broad discretion in fashioning relief to achieve the broad purposes of the Civil Rights Act and has authority to award appropriate relief dictated by evidence, "even though it may not have been sought in pleadings." *Fitzgerald v. Sirloin Stockade, Inc.*, 624 F.2d 945, 957 (10th Cir. 1980); *Rivers v. Washington County Bd. of Educ.*, 770 F.2d 1010, 1012 (11th Cir. 1985) ("The district court has broad, equitable discretion to grant any equitable relief it deems appropriate to make persons whole for injuries suffered on account of unlawful employment discrimination."); *See also* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2664 (3d ed. 1998).

The district court's order names as its sole reason for limiting Carter's relief to attorneys' fees and costs that he did not request declaratory or injunctive relief

---

*Inc.,* 289 F.3d 715, 720 (11th Cir.2002). Diamondback correctly states that the standard of review for application of Rule 54 is "whether the district court was clearly erroneous in its factual findings and whether it abused its traditional discretion to locate a just result in light of the circumstances peculiar to the case." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424-25, 95 S. Ct. 2363, 2375, 45 L. Ed. 2d 280 (1975) (internal quotation marks and citation omitted). However, the district court did not appear to consider the facts or circumstances of this case in limiting Carter's remedy, but instead came to the legal conclusion that it would not consider declaratory or injunctive relief because they had not been requested.

in his complaint. The plain language of Rule 54(c) requires courts to "grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Fed. R. Civ. P. 54(c). The fact that Carter's complaint had not specifically requested declaratory or injunctive relief does not foreclose their availability. Rule 54 requires the district court to grant the relief to which each plaintiff is entitled, even if that relief is not requested in the complaint.

Notably, 42 U.S.C. §§ 2000e-5(g)(2)(B) limits the relief available in a mixed-motive case: the district court "may grant declaratory relief, injunctive relief . . . , and attorney's fees and costs demonstrated to be directly attributable only to the pursuit of" a mixed motive claim. While we acknowledge that it is within the discretion of the district court under Title VII *not* to grant declaratory or injunctive relief, in this case we cannot determine whether the district court reached "a 'just result' in light of the circumstances peculiar to the case," *Albemarle Paper Co.*, 422 U.S. at 424, 95 S. Ct. at 2375, because the district court did not appear to consider the facts of the case in making its determination. Accordingly, we vacate the district court's judgment with regard to declaratory and injunctive relief, and remand for a consideration of available remedies based on the facts and

5

circumstances of this case.[2]

## II.

Because the district court's order denying attorneys' fees and costs depends in part on Carter's failure to obtain declaratory or injunctive relief, Carter's motion for attorneys' fees and costs should be reconsidered on remand as well.  As the district court properly notes, one of the considerations in determining entitlement to fees is the existence or award of declaratory or injunctive relief.  *See Canup*, 123 F.3d at 1444.  Accordingly, although we agree with the district court's reliance on our precedent in *Canup*, 123 F.3d 1440, we vacate and remand the district court's order denying attorneys' fees and costs for reconsideration following its consideration of declaratory and injunctive relief.

**VACATED and REMANDED.**

---

[2]In so holding, we make no judgment as to whether declaratory or injunctive relief is appropriate in this case.  "Injunctive relief may not be available in a given case . . ., but it will be available in some situations."  *Canup v. Chapman-Union, Inc.*, 123 F.3d 1440, 1444 (11th Cir. 1997).