[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10055

_____

D. C. Docket No. 06-00070-CV-KD-B

LANIER CONSTRUCTION, INC.,

Plaintiff-Appellee,

versus

CARBONE PROPERTIES OF MOBILE, LLC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(November 8, 2007)**

Before MARCUS and PRYOR, Circuit Judges, and HANCOCK,[*] District Judge.

---

[*] Honorable James Hughes Hancock, United States District Judge for the Northern District of Alabama, sitting by designation.

PER CURIAM:

Appellant Carbone Properties of Mobile, LLC ("Carbone") appeals from the district court's final judgment following a bench trial in which the court found Carbone liable to Lanier Construction, Inc. ("Lanier") on a work and labor performed claim, and awarded a judgment for the balance due, in addition to relief under Alabama's Miller Act of 12 percent per annum interest and attorneys' fees. On appeal, Carbone contends that the district court erred in (1) granting relief under Alabama's Miller Act because of the constraints of the law-of-the-case doctrine and Fed. R. Civ. P. 54(c); (2) excluding evidence as to the reasonable value of Lanier's services; and (3) establishing the attorneys' fee award. After thorough review of the record, we affirm the district court's decision in all respects except we vacate the award of attorneys' fees, and remand this limited issue to afford Carbone the opportunity to respond to Lanier's evidentiary submissions on the reasonable amount of the fees.

We review <u>de novo</u> the district court's application of the law-of-the-case doctrine. See <u>Alphamed, Inc. v. B. Braun Med., Inc.</u>, 367 F.3d 1280, 1285-86 (11th Cir. 2004). We review each of Carbone's remaining claims for abuse of discretion. See <u>Carter v. Diamondback Golf Club, Inc.</u>, 222 Fed. Appx. 929, 931 n.1 (11th Cir. 2007) (reviewing a district court's application of Rule 54(c) to award

2

unpled damages for abuse of discretion); Hodges v. United States, 597 F.2d 1014, 1018 (5th Cir. 1979)[1] (reviewing a district court's decision to bar evidence based on its interpretation of a pretrial order for abuse of discretion); Drill South, Inc. v. Int'l Fid. Ins. Co., 234 F.3d 1232, 1239 (11th Cir. 2000) (reviewing a district court's award of attorneys' fees for abuse of discretion).

First, Carbone argues that in light of the law-of-the-case doctrine, the district court erred by granting Lanier 12 percent interest and attorneys' fees under the Miller Act after the court denied Lanier's motion for leave to amend its complaint to assert a Miller Act claim.[2]  We disagree.

We have held that if a district court decision is interlocutory and subject to reconsideration, any constraints of the law-of-the-case doctrine are inapplicable. See Gregg v. U.S. Indus., Inc., 715 F.2d 1522, 1530 (11th Cir. 1983) ("Ordinarily law of the case applies only where there has been a final judgment and not to interlocutory rulings.").  Cf. Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1315 (11th Cir. 2000) ("'Since an order granting a new trial is an interlocutory order, the district court has plenary power over it . . . .'") (citation omitted); Bon

_____

[1] As a former Fifth Circuit case decided before October 1, 1981, Bon Air is binding precedent. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] The Miller Act, also known as the Alabama Prompt Pay Act, provides for recovery of the amount owed plus 12 percent interest, reasonable attorneys' fees, court costs, and reasonable expenses.  Ala. Code 1975 § 8-29-6.

Air Hotel, Inc. v. Time, Inc., 426 F.2d 858, 862 (5th Cir. 1970) ("because the order was interlocutory, 'the court at any time before final decree (could) modify or rescind it'") (citation omitted). Here, the district court's denial of Lanier's motion for leave to amend the complaint was simply an interlocutory decision, see Smith v. Liberty Mut. Ins. Co., 569 F.2d 325, 326 (5th Cir. 1978) (characterizing ruling on motion to amend complaint to include punitive damages as interlocutory order), which the district court had ample discretion to reconsider. We therefore conclude that the law-of-the-case doctrine does not apply in this instance.

Second, Carbone argues that the district court's award of Miller Act relief was nonetheless a violation of Fed. R. Civ. P. 54(c), upon which the district court relied. Rule 54(c), says Carbone, does not permit district courts to grant unpled relief if that relief is based on an issue not squarely presented and litigated at trial with the express or implied consent of the parties. We are unpersuaded.

This Court has held that "issues not raised in the pleadings may be treated as if they were properly raised when they are 'tried by express or implied consent of the parties,' Federal Rule of Civil Procedure 15(b), *or are included in a pretrial order.*" Steger v. Gen. Elec. Co., 318 F.3d 1066, 1077 (11th Cir. 2003) (emphasis added) (citing Drill South, 234 F.3d at 1239 ("[W]e do not believe that the district court abused its discretion in its decision to award Drill South fees despite its

4

apparent failure to plead its entitlement to fees in its cross-claim against International Fidelity. The pre-trial order in this action clearly stated Drill South's intent to recover attorneys' fees from International Fidelity.")); State Treasurer of the State of Michigan v. Barry, 168 F.3d 8, 9-10 (11th Cir. 1999); Ins. Co. of N. Am. v. M/V Ocean Lynx, 901 F.2d 934, 941 (11th Cir. 1990). Here, Lanier stated in the joint proposed pretrial order that it sought Miller Act relief -- to wit, it sought "pre-judgment interest on liquidated damages at the rate of either 12% or 6% per annum and the attorneys' fees and costs incurred in bringing and prosecuting this action" -- and, even more notably, Carbone expressly responded in that order that *"Defendant agrees that Plaintiff seeks these types of damages."* (emphasis added). Lanier plainly included its demand for Miller Act relief in the joint proposed pretrial order,[3] and the district court therefore did not abuse its discretion in awarding this relief via Rule 54(c).[4]

---

[3] Carbone contends that Lanier did not include its demand for Miller Act relief specifically in the disputed fact section of the joint proposed pretrial order. However, the plaintiff's and defendant's disputed facts in the "Work and Labor Performed" section of the order and the "Defendant's Statement of the Case" section of the order discussed the elements of Miller Act relief. In light of the wide discretion afforded district courts in construing pretrial orders, we cannot conclude that the district court abused its discretion in determining that Lanier sufficiently asserted its entitlement to Miller Act relief in the joint pretrial order. See Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1334 (11th Cir. 2005) ("A district court has 'broad discretion' to construe its own pretrial orders . . . .").

[4] In any event, Carbone cannot show that it was prejudiced by the inclusion of Miller Act relief. A defendant is found to be prejudiced if "the defendant had no notice of the new issue, if the defendant could have offered additional evidence in defense, or if the defendant in some other way was denied a fair opportunity to defend." Cioffe v. Morris, 676 F.2d 539, 542 (11th

Third, Carbone argues that the district court abused its discretion by precluding Carbone from introducing evidence at trial as to the reasonable value of the work performed by Lanier -- the measure of damages for a "work and labor performed" claim. See Harbert Int'l, Inc. v. Sunbelt Safety & Barricade, Inc., 668 So.2d 848, 850 (Ala. Civ. App. 1995). However, this matter is not properly before this Court because Carbone failed to make an offer of proof at trial and has not informed this Court of the substance of any evidence excluded. We have made clear that we "will not even consider the propriety of the decision to exclude the evidence at issue, if no offer of proof was made at trial." United States v. Winkle, 587 F.2d 705, 710 (5th Cir. 1979) (citing Fed. R. Evid. 103(a)(2)). Because Carbone has not indicated what evidence it would have proffered to demonstrate that the value of Lanier's services was unreasonable, we cannot find that the district court abused its discretion in excluding this evidence.

Lastly, Carbone argues that the district court abused its discretion by setting the value of the attorneys' fees award without granting Carbone an opportunity to

---

Cir. 1982). To show prejudice, Carbone argues that it might have done things differently, but does not say in any real way how it would have done so. For example, it does not say how additional damages would have impacted its settlement and litigation strategy, or how additional discovery would have affected its liability. See, e.g., Baker v. John Morrell & Co., 382 F.3d 816, 832 (8th Cir. 2004) ("aside from Morrell's bare assertion, we have no reason to believe it would have been any more inclined to settle this claim irrespective of whether an ICRA claim was pleaded"). As the Eighth Circuit has held, "we will not permit [Carbone's] bare assertion of prejudice to thwart the amendment." Id.

respond to Lanier's supplemental evidence. "An abuse of discretion occurs if the judge fails to apply the proper legal standard or *to follow proper procedures* in making the determination or bases an award [or a denial] upon findings of fact that are clearly erroneous." Drill South, 234 F.3d at 1239 (quoting United States v. Gilbert, 198 F.3d 1293, 1298 (11th Cir.1999)) (emphasis added). We agree with Carbone that the district court abused its discretion on this limited issue.

Here, only after Carbone had opposed Lanier's initial brief requesting reasonable attorneys' fees, Lanier filed a motion supplementing its brief with evidentiary submissions. Carbone responded by asking the district court to either deny Lanier's motion for leave to supplement, or alternatively, to give Carbone an opportunity to respond. Without deciding whether Carbone should have had the opportunity to respond to Lanier's *supplemental* evidentiary submissions, the district court granted Lanier's motion to supplement and entered an award of attorneys' fees, costs, and expenses, based on the submissions in that supplement.

In U.S. v. Skanska USA Bldg., Inc., 209 Fed. Appx. 880, 883-84 (11th Cir. 2006),[5] we held that a district court's decision to rule on an attorneys' fees motion without affording the opposing party the opportunity to submit opposition evidence violated Rule 54(d), which requires the court to afford an opportunity for adversary

---

[5] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

submissions on an attorneys' fees motion. In so doing, the Court rejected the argument that the error was harmless, because "Skanska could have offered [evidence] . . . relevant to the fee award." Id. at 884. Carbone specifically asserts on appeal that a response was necessary in order for it to submit evidence relevant to the fee award, including submissions regarding the hourly rates for both attorneys and the staff, the hours expended generally, the nature of the time-consuming discovery disputes, the quantity of hours spent on the dismissed fraud/concealment claims, and whether the supplemental evidence met the burden of proof.

Unlike Skanska, the district court here awarded fees pursuant to Rule 54(c), but we see no basis to hold that a party opposing discretionary relief under Rule 54(c) -- rather than attorneys' fees pursuant to a motion under Rule 54(d) -- should not be permitted to respond to the evidence lodged against it. The district court thus erred in failing to grant Carbone's request to respond to Lanier's supplemental evidence. By failing to "follow proper procedures," the district court has abused its discretion, and accordingly we vacate and remand the attorneys' fees award for the limited purpose of allowing Carbone to file opposition submissions so that the district court may re-calculate the award in light of those submissions.

**AFFIRMED in part, VACATED in part, and REMANDED.**

8